1  Regina Silva, Esq. (Bar No. 173573)
   Kelly Denham, Esq. (Bar No. 285314)
2  TYSON & MENDES, LLP
   5661 La Jolla Boulevard
3  La Jolla, CA  92037
   Telephone: (858) 459-4400
4
   Attorney for Defendant ELKHORN PACKING COMPANY LLC
5
   Geoffrey F. Gega, Esq.  (Bar No. 91980)
6  Law Offices of Geoffrey F. Gega
   1851 East First Street, Suite 900
7  Santa Ana, CA 92705-4044
   Telephone: 714-542-1883
8
   Attorney for Defendant D'ARRIGO BROS. CO., OF CALIFORNIA
9

10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
12

13  DARIO MARTINEZ-GONZALES, on        ) Case No.
    behalf of himself and other aggrieve )
14  employees,                          ) (Removed from the Superior Court of
                                        ) California in the County of Monterey,
15                                      ) Court Case No. 18CV002834)
              Plaintiff,               )
16                                      )
       v.                              ) **JOINT NOTICE OF REMOVAL OF**
17                                      ) **DEFENDANTS ELKHORN**
    ELKHORN PACKING CO., LLC,          ) **PACKING COMPANY LLC AND**
18  D'ARRIGO BROS. CO., OF             ) **D'ARRIGO BROS. CO., OF**
    CALIFORNIA, and DOES 1-20,         ) **CALIFORNIA, TO THE UNITED**
19  INCLUSIVE,                         ) **STATES DISTRICT COURT FOR**
                                        ) **THE NORTHERN DISTRICT OF**
20            Defendants.              ) **CALIFORNIA**
                                        )
21                                      )
                                        )
22                                      )
                                        )
23
24
25
26  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
27  DISTRICT OF CALIFORNIA:
28       Defendants Elkhorn Packing Co. ("Elkhorn") and D'Arrigo Bros. Co., of California

---
1

1    ("D'Arrigo") give notice that this case is hereby removed from the Superior Court of the State of

2    California for the County of Monterey, to the United States District Court for the Northern District

3    of California.  Defendants remove this matter pursuant to 28 U.S.C. sections 1441, and 1446, and

4    state that this Court has jurisdiction over the action pursuant to 28 U.S.C. section 1332. The basis

5    for removal is as follows:

6         1.      On or about July 27, 2018 Plaintiff Dario Martinez-Gonzalez filed a lawsuit in the

7    Superior Court of the County of Monterey, entitled: *Dario Martinez-Gonzalez v. Elkhorn Packing

8    Co., LLC et al*, Case No. 18CV002834 alleging causes of action for breach of contract, California

9    Labor Code violations for failure to pay minimum wages, failure to pay overtime, failure to

10   provide meal and rest breaks, and failure to provide wage statements, and tort causes of action for

11   Unfair Business Practices, Negligence, and Invasion of Privacy. (See Declaration of Regina Silva

12   ("Silva Decl."), ¶ 2; Ex. A, Pl.'s Compl.) Plaintiff filed suit on behalf of himself and a purported

13   group of other agricultural workers.

14        2.      Plaintiff has not yet served and/or joined defendants Elkhorn or D'Arrigo in this

15   matter. (Silva Decl., ¶ 3.)

16        3.      This Notice of Removal is timely because defendants have not been served the

17   Complaint, and thus the 30-day period under 28 U.S.C. section 1446 has not begun. To the extent

18   that the 30-day period would apply despite a lack of service, defendants file this instant Notice of

19   Removal within 30 days of learning of the lawsuit. Thus, Removal is timely pursuant to 28 U.S.C.

20   section 1446.

21        4.      This Court has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1332

22   of the United States Code, and it is one which may be removed to this Court by defendants

23   pursuant to 28 U.S.C. §1441(b) because the parties have diversity of citizenship and the amount in

24   controversy exceeds $75,000, exclusive of interest and costs.

25        5.      The Superior Court of the State of California for the County of Monterey is located

26   in the Northern District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this

27   is the "district and division within which such action is pending . . .." (28 U.S.C. § 1446(a).)

28        6.      No previous application has been made for the relief requested herein.

2

7. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Monterey.

**This Court Has Original Jurisdiction Under 28 U.S.C. §§ 1332 AND 1441**

**(Diversity of Citizenship)**

8. There is a complete diversity of citizenship. The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).) Diversity jurisdiction can be based on alienage, as well as citizenship. (28 USC § 1332(a)(2)-(4).) The citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F3d 894, 899.) A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. § 1332(c)(1).)

9. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. (*Strotek Corporation v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . .." 28 U.S.C. § 1446(b)(3).)

10. In plaintiff's Operative Complaint, he alleges, "[p]laintiff DARIO MARTINEZ-GONZALEZ is an H-2A worker from Mexico who was recruited by Defendant ELKHORN PACKING in Mexico to work in fields owned and/or operated by Defendant D' ARRIGO BROS." The Complaint goes on to allege, "[i]n 2016, Plaintiff and other H-2A workers obtained and paid for the cost of the H-2A visa under job order 14666155 in the United States Consulate in Mexico."

1   The H–2A program was established as part of the Immigration Reform and Control Act of 1986

2   ("IRCA"), Pub.L. No. 99–603, 100 Stat. 3359 (codified as amended in scattered sections of 8

3   U.S.C.). (See U.S.C. §1188.) Under the H–2A program, a category of nonimmigrant foreign

4   workers can be used for temporary agricultural employment within the United States. (See id.)

5   Agricultural employers are permitted to hire nonimmigrant aliens as workers under the H–2A

6   program. (See *Miller v. Thermarite Pty. Ltd.*, S.D.Ala.1992, 793 F.Supp. 306 (an alien who was

7   nonimmigrant temporary worker was not a "citizen" of Alabama for diversity purposes, even

8   though alien resided in Alabama, since alien was not admitted to United States for permanent

9   residence).) Thus, at the time this action was commenced, plaintiff was and still is a citizen of

10  Mexico working in the United States as a temporary agricultural employee.

11          11.    Defendant Elkhorn, at the time this action was commenced, was and still is a

12  limited liability company organized under the laws of the State of California, with its principal

13  place of business in the State of California. Defendant Elkhorn's members were and still are

14  organized under the laws of the State of California, with their principal place of business in the

15  State of California, wherein this action was brought. (Silva Decl., ¶ 4.)

16          12.    Defendant D'Arrigo, at the time this action was commenced, was and still is a

17  company incorporated in the State of California with its principal place of business in California.

18  (Silva Decl., ¶ 5.)

19          13.    The "no local defendant" rule is inapplicable to defendant Elkhorn because it has

20  not been properly served the Complaint, and thus is not subject to 28 USC § 1441(b)(2). The

21  general rule states that where complete diversity exists, removal is not allowed if "any of the

22  parties in interest **properly joined and served** as defendants is a citizen of the State in which such

23  action is brought." (28 USC § 1441(b)(2); *Spencer v. United States Dist. Ct. for Northern Dist. of*

24  *Calif.* (Altec Industries, Inc.) (9th Cir. 2004) 393 F3d 867, 870)(emphasis added.) Plaintiff

25  originally filed the Complaint in Superior Court in the State of California, the state of defendants'

26  citizenship.  But, the no local defendant rule requires the removing defendants be properly joined

27  and served as defendants in order to preclude removal.  To date, defendants Elkhorn and D'Arrigo

28  have not been served the Complaint by plaintiff.  In *Regal Stone Ltd. v. Longs Drug Stores Calif.,*

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1  *L.L.C.,* the Northern District of California held that, "[t]he statute plainly allows defendants to

2  elude state court jurisdiction by filing a notice of removal before the plaintiff has had a chance to

3  serve any forum defendant. The statute does nothing to prevent sophisticated defendants from

4  electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily

5  remove to Federal Court. (*Regal Stone Ltd. v. Longs Drug Stores Calif.,* L.L.C. (ND CA 2012) 881

6  F.Supp.2d 1123, 1128-1129.) Thus, similar to *Regal Stone Ltd.,* defendants Elkhorn and D'Arrigo

7  are not subject to the no local defendant rule and removal from Superior Court in California to

8  Federal District Court in California is proper.

9         14.     Thus, complete diversity exists as of the time the action was commenced in state

10  court and at the time of removal, and there are no other named defendants that can defeat diversity.

11  "Doe" defendants may be ignored for removal purposes. (*Salveson v. Western State Bank Card*

12  *Assn.,* 731 F.2d 1423 (9th Cir. 1984).)

13         15.     The amount in controversy requirement is satisfied. The amount-in-controversy

14  exceeds $75,000.00, exclusive of interest and costs, for the following reasons:

15               a.     This action arises out of plaintiff's allegations that defendants failed to pay

16  plaintiff and other similarly situated field laborers minimum wage, overtime, provide rest and meal

17  breaks, and failed to provide plaintiff with wage statements. Plaintiff claims he and the similarly

18  situated employees suffered damages, including but not limited to, unpaid wages and liquidated

19  damages, unpaid overtime wages, penalties for failure to provide meal and/or rest breaks, penalties

20  for failure to provide wage statements, waiting time penalties for failure to pay minimum and

21  overtime wages, other civil penalties, general damages, emotional distress, punitive damages,

22  interest, costs, and reasonable attorney's fees.

23               b.     In plaintiff's complaint, he alleges that he and 221 other workers were hired

24  from March 26, 2016 to November 15, 2016 (7 months and 20 days, which equates to

25  approximately 33 work weeks.) Plaintiff alleges that each workers' employment contracts

26  promised to pay an hourly rate of $11.89 per hour. (Exh. A, ¶ 28.) He further alleges he and the

27  other 221 workers were not paid for 1.5 hours per day traveling to and from the worksite, in

28  addition to failing to pay other "preparatory work." (Exh. A, ¶¶ 33, 35.) Employees not receiving

minimum wage are entitled to unpaid balance and liquidated damages equal to unpaid balance. (*Labor Code* §§ 1182.12, 1194.2 1 197.) According to plaintiff's allegations, if he and the other 221 workers were denied pay for 1.5 hours worked five days a week over the course of approximately 33 weeks, each workers claims for failure to pay these wages equates to $1,961.85 ($11.89 per hour x 5 days a week x 33 weeks), plus an additional $1,961.85 for liquidated damages, equaling a total of $3,923.70 per employee in claimed lost wages. So, in total, on this single allegation, plaintiff claims approximately $871,061.40 ($3,923.70 x 222) in unpaid wages and liquidated damages. To the extent other workers were paid for this time, the $75,000 amount in controversy would be easily satisfied if only 20 of the 222 workers were allegedly denied this pay.

      c.     Similar to paragraph 15(b), plaintiff also claims that he and 270 other workers were denied 1.5 hours of pay while being transported to the worksite for their employment contract between March 20, 2017 to November 11, 2017 (7 months and 22 days, which equates to approximately 33 weeks). (Exh. A ¶¶ 71, 79.) Plaintiff claims each employees pay rate was $12.09 per hour. (Exh. A, ¶ 74.) Plaintiff again claims that he and the other 270 workers were not paid for the 1.5 hours per day while in transportation. (Exh. A, ¶¶ 79-83.) According to plaintiff's allegations, if he and the other 270 workers were denied 1.5 hours of pay at a rate of pay of $12.09 per hour five days a week over the course of 33 weeks, each worker is owed $1,994.85 in past wages for this time, plus liquidated damages ($1,994.85), equaling $3,989.70 per worker.  So, the total damages exposure based on this single claim equals approximately $1,077,219. To the extent other workers were paid for this time, the $75,000 amount in controversy would be satisfied if only 19 of the 270 workers were denied this pay.

      d.     Based on the above, and having only analyzed two of plaintiff's numerous claims of damages, at a very minimum, Plaintiff is seeking in excess of $1,948,280.40 in damages for failure to pay wages plus liquidated damages. This does not include plaintiff's claims of unpaid overtime wages, penalties for failure to provide meal and/or rest breaks, penalties for failure to provide wage statements, waiting time penalties for failure to pay minimum and overtime wages, other civil penalties, general damages, emotional distress, punitive damages, interest, costs, and

1    reasonable attorney's fees. (See *Luckett v. Delta Airlines*, Inc., 171 F.3d 295, 298 (5th Cir. 1999)

2    (amount in controversy requirement may be established by showing that such damages are "facially

3    apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that

4    support a finding of the requisite amount)

5        16.    Based on the foregoing, this Court has original jurisdiction because there is a

6    complete diversity of citizenship among the parties and the amount in controversy easily exceeds

7    $75,000, exclusive of interest and costs.

8                    **This Court Has Supplemental Jurisdiction**

9        17.    "[I]n any civil action of which the district courts have original jurisdiction, the

10   district courts shall have supplemental jurisdiction over all other claims that are so related to

11   claims in the action within such original jurisdiction that they form part of the same case or

12   controversy under Article III of the United States Constitution." (28 U.S.C. §1367(a).) The

13   Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to

14   cases removed to Federal Court as to cases initially filed there; a removed case is necessarily one

15   'of which the district courts . . . have original jurisdiction'...." (*City of Chicago v. International

16   College of Surgeons*, 522 U.S. 156, 165 (1997).) Although one of several claims does not "arise

17   under" federal law, removal is still appropriate if that claim is transactionally related (i.e.

18   "supplemental") to at least one substantial federal claim. (*Zuniga v. Blue Cross & Blue Shield of

19   Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995).) A single case exists in the constitutional sense

20   wherever the state and federal claims arise from a "common nucleus of operative facts" such that a

21   plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." (*United

22   Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725.)

23       18.    Here, all of plaintiff's causes of action arise out of the same nucleus of operative

24   facts, i.e. the failure to pay wages and overtime, provide meal and rest breaks, provide wage

25   statements, and provide a safe and secluded environment to live and work. Accordingly, to the

26   extent there are other causes of action that later arise based on the same operative facts, this Court

27   has supplemental jurisdiction under 28 U.S.C. § 1367. (See *Priebe v. Autobarn, Ltd.,* 240 F.3d 584

28   (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly

1  exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state

2  fraudulent business practices claim and a common law fraud claim).

3       19.     Based upon the foregoing, all requirements for diversity jurisdiction removal have

4  been met. Defendants therefore request that this action now pending against them each in the

5  Superior Court of California, County of Monterey, be removed to this Court, and that this Court

6  assume complete jurisdiction in this matter.

7       20.     Defendants will promptly notify plaintiff and the Superior Court of this removal as

8  required by 28 U.S.C. § 1446(d).

9

10  Dated:  August 24, 2018                    TYSON & MENDES LLP

11

12                                   By: _____

13

14                                        Regina Silva
                                         Attorney for Defendant Elkhorn Packing Co., LLC

15

16

17  Dated:  August 24, 2018                    Law Offices of Geoffrey F. Gega

18

19                                   By: _____

20                                        Geoffrey F. Gega
                                         Attorney for Defendant D'Arrigo Bros. Co., of
21                                        California

22

23

24

25

26

27

28

Case Name:  *Dario Martinez-Gonzalez v. Elkhorn Packing Co., LLC, et al.*
Case No:

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding.   I am employed in and am a resident of San Diego County where the mailing occurs; and my business address is 5661 La Jolla Blvd, La Jolla, CA  92037.

- **JOINT NOTICE OF REMOVAL OF DEFENDANTS ELKHORN PACKING COMPANY LLC AND D'ARRIGO BROS. CO., OF CALIFORNIA, TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
- **DECLARATION OF REGINA SILVA ESQ. IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, NORTHERN DISCTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332**

I certify that on 24th day of August, 2018, a true and correct copy of the foregoing has been electronically filed using the Court's **CM/ECF System**.  I further Certify that a copy of the foregoing document will be sent via Notice of Electronic Filing to Attorneys for the Plaintiff, as follows:

> Ana Vicente de Caslrn, SBN 309958
> Josephine Weinberg, SBN 274950
> CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
> 3 Williams Road
> Salinas, CA 93950
> Telephone: (831) 757-5221
> Facsimile: (831) 757-6212
> avicente@crla.org
> jweinberg@crla.org

> Estella M. Cisneros, SBN 287733
> CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
> 3747 E. Shields Ave.
> Fresno, CA 93726
> Telephone: (559) 441-8721
> Facsimile: (559) 441-0724
> ecisneros@crla.org

1
2
3
4

Karla Gilbride, SBN 264118
PUBLIC JUSTICE
1620 L Street NW, Suite 630,
Washington, DC 20036
KGilbride@publicjustice.net

5

*Attorneys for Plaintiffs*

6
7
8
9
10
11

Geoffrey F. Gega, SBN 91980
Law Offices of Geoffrey F Gega
1851 East First Street Suite 900
Santa Ana, CA 92705
Tel: 714-542-1883
Fax: 714-542-1009
Email: ggega@gegalaw.com

12

*Attorneys for Defendant D'Arrigo Bros. Co. of California*

13
14
15
16

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 24, 2018, at La Jolla, California.

17
18
19

Barbara Martin-Callahan

20
21
22
23
24
25
26
27
28