Regina Silva, Esq. (Bar No. 173573)
Kelly Denham, Esq. (Bar No. 285314)
TYSON & MENDES, LLP
5661 La Jolla Boulevard
La Jolla, CA  92037
Telephone: (858) 459-4400

Attorney for Defendant ELKHORN PACKING COMPANY LLC

Geoffrey F. Gega, Esq.  (Bar No. 91980)
Law Offices of Geoffrey F. Gega
1851 East First Street, Suite 900
Santa Ana, CA 92705-4044
Telephone: 714-542-1883

Attorney for Defendant D'ARRIGO BROS. CO., OF CALIFORIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO MARTINEZ-GONZALES, on behalf of himself and other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>ELKHORN PACKING CO., LLC, D'ARRIGO BROS. CO., OF CALIFORNIA, and DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>(Removed from the Superior Court of California in the County of Monterey, Court Case No. 18CV002834)<br><br>**DECLARATION OF REGINA SILVA ESQ. IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, NORTHERN DISCTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332** |

I, Regina Silva, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and

the Northern District Court. I am a Senior Counsel at Tyson & Mendes, attorneys of record for

defendant Elkhorn Packing Co., LLC ("Elkhorn"). I have personal knowledge of all the facts set

forth herein, and if called upon to do so by the court, could and would testify competently thereto.

1

1   As to those matters stated upon information and belief, I am informed and believe such matters to

2   be true. This declaration is offered in support of Defendants' Notice of Removal to the United

3   States District Court for the Northern District of California.

4          2.     On or about July 27, 2018 Plaintiff Dario Martinez-Gonzalez filed a lawsuit in the

5   Superior Court of the County of Monterey, entitled: Dario Martinez-Gonzalez v. Elkhorn Packing

6   Co., LLC et al, Case No. 18CV002834 alleging causes of action for breach of contract, California

7   Labor Code violations for failure to pay minimum wages, failure to pay overtime, failure to

8   provide meal and rest breaks, and failure to provide wage statements, and tort causes of action for

9   Unfair Business Practices, Negligence, and Invasion of Privacy. A true and correct copy of

10  Plaintiff's Complaint is attached hereto as Exhibit A.

11         3.     Plaintiff has not yet served and/or joined defendants Elkhorn or D'Arrigo Bros. Co.

12  of California in this matter. Defendants became aware of the lawsuit through monitoring electronic

13  filing systems, not through service by plaintiff.

14         4.     Defendant Elkhorn, at the time this action was commenced, was and still is a

15  limited liability company organized under the laws of the State of California, with its principal

16  place of business in the State of California. Defendant Elkhorn's members were and still are

17  organized under the laws of the State of California, with their principal place of business in the

18  State of California, wherein this action was brought.

19         5.     Defendant D'Arrigo, at the time this action was commenced, was and still is a

20  company incorporated in the State of California with its principal place of business in California.

21        I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.

23        Executed this 24th day of August, 2018 at San Diego, California.

24

25

26        REGINA SILVA

27

28

2

Declaration Of Regina Silva Esq. In Support Of Defendants' Notice Of Removal

# EXHIBIT "A"

Ana Vicente de Castro, SBN 309958
Josephine Weinberg, SBN 274950
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone:  (831) 757-5221
Facsimile:   (831) 757-6212
avicente@crla.org
jweinberg@crla.org

Estella M. Cisneros, SBN 287733
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3747 E. Shields Ave.
Fresno, CA 93726
Telephone: (559) 441-8721
Facsimile: (559) 441-0724
ecisneros@crla.org

Karla Gilbride, SBN 264118
PUBLIC JUSTICE
1620 L Street NW, Suite 630,
Washington, DC 20036
KGilbride@publicjustice.net

*Attorneys for Plaintiff*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/27/2018 3:31 PM
By: Lorielle Cummings, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF MONTEREY

(UNLIMITED JURISDICTION)

DARIO MARTINEZ-GONZALEZ, on behalf of
himself and other aggrieved employees,

    Plaintiff,

v.

ELKHORN PACKING CO., LLC, D'ARRIGO
BROS. CO., OF CALIFORNIA, and DOES 1-20,
INCLUSIVE,

    Defendants.

Case No.: 18CV002834

COMPLAINT FOR DAMAGES, PENALTIES
AND INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

Plaintiff DARIO MARTINEZ-GONZALEZ ("Plaintiff") alleges his Complaint against Defendants ELKHORN PACKING CO. LLC ("ELKHORN PACKING"), D'ARRIGO BROS. CO., OF CALIFORNIA ("D'ARRIGO BROS."), and DOES 1-20 (collectively referred to as "Defendants") as follows:

## NATURE OF THE CASE

1.      Plaintiff was employed by Defendants ELKHORN PACKING and D'ARRIGO BROS. as a seasonal agricultural laborer during the 2016, 2016-2017 and 2017 lettuce seasons. During his employment, Defendants violated California law by failing to pay Plaintiff and other aggrieved employees for all hours worked, failing to pay required minimum wages and premium overtime pay, failing to provide meal and rest breaks or compensation for missed meal and rest breaks, and failing to pay waiting time penalties. Defendants also breached the duty of care they owed to Plaintiff by providing meals to Plaintiff and other field laborers that were contaminated or spoiled and were not safe to eat, even though their agents knew or should have known of the food's poor quality. Defendant ELKHORN PACKING also breached the employment contract with Plaintiff and invaded Plaintiff's privacy. Plaintiff seeks unpaid wages, damages, statutory penalties, restitution, an order requiring Defendants to pay lawful wages and compensate employees for all hours worked, and other injunctive relief, attorney's fees, costs of suit and other appropriate and just relief against all Defendants.

## PARTIES

2.      Plaintiff DARIO MARTINEZ-GONZALEZ is an H-2A worker from Mexico who was recruited by Defendant ELKHORN PACKING in Mexico to work in fields owned and/or operated by Defendant D'ARRIGO BROS. in Monterey County, California and Yuma County, Arizona.

3.      Defendant ELKHORN PACKING is a California Limited Liability Company with its principal offices located at 60 W. Market St., Salinas, CA 93902.

4.      Defendant ELKHORN PACKING is a California registered farm labor contractor that provides workers to perform labor for business entities.

5.      Defendant D'ARRIGO BROS. is a California corporation with its principal offices located at 21777 Harris Road, Salinas, CA 93908.

6.     On information and belief, Defendant D'ARRIGO BROS. is a business entity that employs more than 25 workers and obtains and/or is provided workers to perform labor within its usual course of business from a labor contractor.

7.     On information and belief, at all times relevant to this action, Defendant ELKHORN PACKING was a "labor contractor" as defined by Cal. Lab. Code § 2810.3(a)(3).

8.     On information and belief, at all times relevant to this action, Defendant D'ARRIGO BROS. was a "client employer" as defined by Cal. Lab. Code § 2810.3(a)(1)(A), utilized Defendant ELKHORN PACKING as a labor contractor, and shares liability with Defendant ELKHORN PACKING for all civil legal responsibility and civil liability for the payment of wages due to Plaintiff pursuant to Cal. Lab. Code § 2810.3(b).

9.     On information and belief, at all times relevant to this action, Defendant ELKHORN PACKING provided employees to Defendant D'ARRIGO BROS. in Monterey County, California and Yuma County, Arizona and employed Plaintiff and others for the lettuce harvest.

10.     On information and belief, ELKHORN PACKING and D'ARRIGO BROS. entered into a joint venture to bring H-2A workers into the country for continuous work in California and Arizona, and D'ARRIGO BROS. knew and approved of ELKHORN PACKING's practices relating to recruitment, housing, meals and other terms and conditions of the H-2A job orders in support of that joint venture.

11.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 20, inclusive. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said DOES when ascertained. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

## VENUE

12.     Venue is proper in this judicial district, pursuant to Cal. Code of Civil Procedure § 395(a). Many of the unlawful acts occurred in Monterey County or were directed by Defendants from Monterey County. Defendants also employ other people in Monterey County and are otherwise within this Court's jurisdiction for purposes of service of process.

## FACTUAL ALLEGATIONS

13.   Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted multiple job orders, including job orders 14666155 and 15197570, to the California Employment Development Department and job order 2406171 to the Arizona Department of Economic Security for clearance and approval in conjunction with their H-2A applications for the 2016, 2016-2017 and 2017 seasons.

14.   Defendant ELKHORN PACKING, in consultation with Defendant D'ARRIGO BROS., and on information and belief the DOE Defendants, submitted the aforementioned job orders to recruit and import foreign workers, like Plaintiff, for the lettuce harvest.

15.   On information and belief, Defendant D'ARRIGO BROS. obtained workers from Defendant ELKHORN PACKING to perform labor for the 2016, 2016-17 and 2017 seasons.

16.   Under the terms of the above-mentioned job orders and federal regulations, Defendant ELKHORN PACKING was required to provide housing to all H-2A workers. 8 U.S.C. § 1188(c)(4).

17.   Under the terms of the above-mentioned job orders and federal regulations, Defendant ELKHORN PACKING was required to provide three (3) meals a day to workers residing in employer-provided housing in which full kitchen facilities were not available for workers to prepare their own meals. 20 CFR 655.122(g).

18.   Defendants required that Plaintiff and other field laborers working under the above-mentioned job orders do mandatory exercises before the start of harvesting each workday for approximately five (5) to ten (10) minutes.

19.   Defendants did not compensate Plaintiff, and on information and belief, other field laborers for time spent exercising at the employers' direction. On information and belief, Defendants did not maintain records documenting such compensable time.

### 2016 Season in California

20.   Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 14666155, certified as Temporary Alien Labor Certification Number H-300-16025-024856, to the California Employment Development Department requesting 222 workers for the period

of March 26, 2016 to November 15, 2016 to work in and around Monterey County harvesting lettuce. A copy of this H-2A job order and certification is attached as "Exhibit A" to this Complaint.

21.     Plaintiff and other workers were recruited by Defendant ELKHORN PACKING to perform work for Defendant D'ARRIGO BROS.

22.     In 2016, Plaintiff and other H-2A workers obtained and paid for the cost of the H-2A visa under job order 14666155 in the United States Consulate in Mexico.

23.     Under the terms of the job order 14666155 and certification and by operation of law, Defendants were required to reimburse the H-2A workers for the cost of the visa.

24.     Defendants failed to reimburse Plaintiff and, on information and belief, other H-2A workers for the cost of the visa.

25.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 14666155, certified as Temporary Alien Labor Certification Number H-300-16025-024856 (Exhibit A). Plaintiff worked for Defendants during the 2016 lettuce harvesting season under the terms of this job order.

26.     Defendants failed to provide the work contract, job order 14666155, to Plaintiff and, on information and belief, other H-2A workers by the time they applied for the visa as required by the regulations.

27.     Defendants, under H-2A job order 14666155, promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the H-2A orders.

28.     The employment contract under the terms of H-2A job order 14666155 promised an hourly rate of $11.89 for work performed in California in 2016.

29.     Plaintiff and, on information and belief, other field laborers working under job order 14666155, were paid by piece rate ranging from $1.41 to $2.39 during the 2016 season.

30.     Defendants failed to pay Plaintiff and, on information and belief, other field laborers working under job order 14666155, $11.89 per hour for all hours worked during the 2016 season.

31.     As a term of the employment, Defendants required that Plaintiff and other field workers employed under job order 14666155 travel to and from the worksites in vehicles operated by Defendants'

agents.

32.     Plaintiff and other field workers employed under job order 14666155 were directed to board the vehicles at a specific time and were under the direction and control of Defendants at all times from the point of pick up until the point of return after each day's work.

33.     Under this transportation arrangement, Plaintiff and other field workers employed under job order 14666155 were required to ride, wait in, or wait for Defendants' vehicles in excess of one and a half (1.5) hours per day for the duration of the 2016 season.

34.     Plaintiff and other field workers employed under job order 14666155 were transported to the field each morning in Defendants' transportation.

35.     After exiting the employers' transportation, Plaintiff and other field workers employed under job order 14666155 were required to wait in the field prior to commencing the harvesting. During this time, Plaintiff and other field workers employed under job order 14666155 were assigned preparatory work including placing the water container by the lettuce machine and donning their gloves and aprons.

36.     On information and belief, Defendants did not keep records or compensate Plaintiff and other field workers employed under job order 14666155 for all time spent doing preparatory work at Defendants' direction.

37.     During the 2016 season in Monterey County, Plaintiff resided in housing provided by Defendant ELKHORN PACKING, in which full kitchen facilities were not available. Plaintiff resided at the Best Five Motel in Salinas from April to June 2016 and the Days Inn in Salinas from June 2016 to November 2016. The employer-provided housing was Plaintiff's only private space for the duration of his employment with Defendants in Monterey County.

38.     During the 2016 season in Monterey County, Defendant ELKHORN PACKING provided housing and retained copies of the keys to Plaintiff's hotel room. Defendant ELKHORN PACKING, through its agents, entered Plaintiff's hotel room without prior notice or permission on at least five (5) occasions.

39.     During the 2016 season, Defendant ELKHORN PACKING provided only two (2) meals a day from Monday through Saturday to Plaintiff and other H-2A workers.

40.     During the 2016 season, Defendant ELKHORN PACKING did not provide meals to

1   Plaintiff and other H-2A workers on Sundays.

2   41.    During the 2016 season, Defendant ELKHORN PACKING provided meals to Plaintiff

3   and other H-2A workers that were unsanitary, contaminated or otherwise spoiled such that Plaintiff and

4   other workers suffered from food poisoning or were forced to purchase other food.

5   42.    On or around June 11, 2016, Plaintiff suffered from food poisoning after eating food

6   provided by Defendant ELKHORN PACKING. Defendant ELKHORN PACKING refused to take

7   Plaintiff to a medical facility. He returned to Mexico for medical assistance and incurred out of pocket

8   medical and other expenses.

9   43.    Plaintiff worked on a crew led by Defendant ELKHORN PACKING's crew leader

10  Abelino (Last Name Unknown "LNU") and supervisor Miguel (LNU) and Defendant D'ARRIGO

11  BROS.'s supervisor Samuel Placencia during the 2016 season.

12  44.    Defendant ELKHORN PACKING general supervisor Crispin Bermudez and Defendant

13  D'ARRIGO BROS.'s supervisor Samuel Placencia knew that the meals provided to Plaintiff and other

14  H-2A workers employed under job order 14666155 were unsanitary, contaminated or otherwise spoiled

15  because the workers complained about the condition of the meals to him.

16  45.    Defendants failed to take action to prevent food poisoning of its workers during the 2016

17  season in Monterey.

18  46.    Defendants did not allow Plaintiff and other field workers employed under job order

19  14666155 to take adequate and timely meal and 10-minute rest periods.

20  47.    Defendants only allowed Plaintiff and his fellow field workers to take one lunch break

21  after five (5) hours of work were completed.

22  48.    Plaintiff and his fellow field workers regularly worked in excess of ten (10) hours a day

23  but were not provided with a second meal break nor a third 10-minute rest period.

24  49.    Defendants did not pay Plaintiff and, on information and belief, other field workers

25  employed under job order 14666155 premium wages for the inadequate or denied meal and rest periods.

26  50.    Plaintiff and, on information and belief, other field workers employed under job order

27  14666155 all regularly worked over ten (10) hours each day. On information and belief, Defendants did

28  not maintain accurate records of all hours worked by Plaintiff and other field workers and Defendants

did not pay them premium pay for all of the overtime hours that they worked.

51.     Defendants' actions in failing to compensate Plaintiff and other field workers employed under job order 14666155 for all compensable time, including overtime premium pay, failing to provide premium pay due to inadequate meal and rest periods, failing to provide three meals a day, and failing to reimburse visa costs lowered Defendants' labor costs, and provided Defendants a significant competitive advantage in violation of the Unfair Competition Law.

52.     Upon Plaintiff's separation from his employment with Defendants, Defendants failed to pay him all owed wages, including all compensable regular wages, overtime premium pay and meal and rest period premium pay, in a prompt and timely manner in violation of the California Labor Code.

### 2016-2017 Season in Arizona

53.     Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 2406171, certified as Temporary Alien Labor Certification Number H-300-16266-120845, to the Arizona Department of Economic Security requesting 178 workers for the period of November 7, 2016 to April 1, 2017 to work in and around Yuma County, Arizona harvesting lettuce. A copy of this H-2A job order and certification is attached as "Exhibit B" to this Complaint.

54.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 2406171, certified as Temporary Alien Labor Certification Number H-300-16266-120845. Plaintiff worked for Defendants during the 2016-2017 lettuce harvesting season under the terms of this job order.

55.     ELKHORN PACKING's supervisor Crispin Bermudez promised Plaintiff and other workers that housing would be available for them in Yuma County, Arizona.

56.     Defendants failed to provide the work contract, job order 2406171, to Plaintiff and, on information and belief, other H-2A workers by the time they applied for the visa as required by the regulations.

57.     Defendants, under H-2A job order 2406171, promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the H-2A order.

58.     The above-mentioned employment contract promised a wage of $11.20 per hour for work performed in Arizona in 2016-2017.

59. Plaintiff and, on information and belief, other H2-A workers, were paid by piece rate ranging from $1.41 to $2.39 during the 2016-17 season.

60. During the 2016-17 season in Yuma County, Defendant ELKHORN PACKING failed to provide housing as required under H-2A job order 2406171.

61. During the 2016-17 season in Yuma County, Defendant ELKHORN PACKING failed to provide transportation as required under H-2A job order 2406171.

62. During the 2016-17 season in Yuma County, Defendant ELKHORN PACKING failed to provide meals as required under H-2A job order 2406171.

63. Plaintiff worked on a crew under the direction and control of Defendant ELKHORN PACKING's crew leader Andrey Lantilla Servantes and Defendant D'ARRIGO BROS.'s supervisor Gerardo Armenta during the 2016-2017 season.

64. On information and belief, Plaintiff and other H2-A workers working under job order 2406171 were required to sign their names on an attendance sheet at the beginning of their work shift. There was no time recorded on the attendance sheet when Plaintiff signed it.

65. On information and belief, Plaintiff and other H2-A workers working under job order 2406171 were required to initial or sign an attendance sheet at the end of each work day. There was no time recorded on the attendance sheet at the time Plaintiff signed or initialed it at the end of the work day.

66. During the 2016-17 season in Yuma County, Defendant ELKHORN PACKING failed to pay Plaintiff and, on information and belief, other H2-A workers working under job order 2406171, $11.20 per hour for all hours worked during that season.

67. During the 2016-17 season in Yuma County, Defendant ELKHORN PACKING failed to pay Plaintiff and, on information and belief, other H2-A workers working under job order 2406171, for time waiting and performing work pre- and post-harvesting.

68. In December of 2016, while Plaintiff was working in Yuma, on at least five (5) occasions, Plaintiff and other H2-A workers had to wait in the fields from approximately 6:30 am until 9:00 am to start harvesting the lettuce because the lettuce was covered with ice. On information and belief, Plaintiff and other H2-A workers were not compensated for this time.

69. On information and belief, Defendants did not keep records or fully compensate Plaintiff

and other H2-A workers for all time spent waiting in the fields at Defendants' direction.

70.     Defendants' actions in failing to compensate Plaintiff and other H2-A workers for all hours worked, and failing to provide housing, transportation and meals, lowered Defendants' labor costs, and provided Defendants a significant competitive advantage in violation of the Unfair Competition Law.

**2017 Season in California**

71.     Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 15197570, certified as Temporary Alien Labor Certification Number H-300-17033-930726, to the California Employment Development Department requesting 270 workers for the period of March 20, 2017 to November 11, 2017 to work in and around Monterey County, California harvesting lettuce. A copy of this H-2A job order and certification is attached as "Exhibit C" to this Complaint.

72.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 15197570, certified as Temporary Alien Labor Certification Number H-300-17033-930726. Plaintiff worked for Defendants during the 2017 lettuce harvesting season under the terms of this job order.

73.     Defendants promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of H-2A job order 15197570.

74.     The employment contract under the terms of H-2A job order 15197570 promised a wage of $12.09 per hour for work performed in California in 2017.

75.     Plaintiff and, on information and belief, other field workers employed under job order 15197570, were paid by piece rate ranging from $1.41 to $2.39 during the 2017 season.

76.     Plaintiff worked on a crew under the direction and control of Defendant ELKHORN PACKING's crew leader Maricela Nuno and Defendant D'ARRIGO BROS.'s supervisor Janelle Gutierrez during the 2017 season.

77.     As a term of the employment, Defendants required Plaintiff and other field workers employed under job order 15197570 to travel to and from the worksites in vehicles operated by Defendants' agents.

78.     Plaintiff and other field workers employed under job order 15197570 were directed by

Defendants to board the vehicles at a specific time and were under the direction and control of Defendants at all times from the point of pick up until the point of return after each day's work.

79.     Under this transportation arrangement, Plaintiff and other field workers employed under job order 15197570 were required to ride, wait in, or wait for Defendants' vehicles in excess of one and a half (1.5) hours per day for the duration of the 2017 season.

80.     Plaintiff and other field workers employed under job order 15197570 were transported to the field each morning in Defendants' transportation.

81.     On information and belief, Defendants did not keep records or compensate Plaintiff and other field workers employed under job order 15197570 for this compensable time.

82.     Plaintiff and, on information and belief, other field workers employed under job order 15197570 were required to sign their names on an attendance sheet at the beginning of their work day. There was no time recorded on the attendance sheet at the time Plaintiff signed it.

83.     Similarly, Plaintiff and, on information and belief, other field workers employed under job order 15197570 were required to initial or sign an attendance sheet at the end of each work day. There was no time recorded on the attendance sheet at the time Plaintiff signed or initialed the sheet at the end of the work day.

84.     After exiting Defendants' transportation, Plaintiff and other field workers employed under job order 15197570 were required to wait in the field prior to commencing harvesting. During this time, Plaintiff and other field workers employed under job order 15197570 were assigned preparatory work including placing the water container by the lettuce machine and donning their gloves and aprons.

85.     Defendants did not compensate Plaintiff and, on information and belief, other field workers employed under job order 15197570 for all time spent doing preparatory work at Defendants' direction, and, on information and belief, did not keep records of this time.

86.     Defendants did not allow Plaintiff and other field workers employed under job order 15197570 to take adequate and timely meal and rest periods.

87.     Defendants only allowed Plaintiff and his fellow field workers to take a lunch break after five (5) hours of work were completed.

88.     Plaintiff and his fellow field workers regularly worked in excess of ten (10) hours a day

1   and were not provided with a second meal break nor a third rest period.

2        89.    On information and belief, Defendants did not pay Plaintiff and his fellow field workers

3   premium wages for the late, inadequate or denied meal and rest periods.

4        90.    Plaintiff and, on information and belief, other field workers employed under job order

5   15197570 all regularly worked over ten (10) hours each day. On information and belief, Defendants did

6   not maintain accurate records of all hours worked by Plaintiff and his fellow field workers. Defendants

7   did not pay Plaintiff and, on information and belief, other field workers employed under job order

8   15197570 premium pay for all of the overtime hours that they worked.

9        91.    Upon Plaintiff's separation from his employment with Defendants, Defendants failed to

10   pay him owed wages, including all compensable regular wages, overtime premium pay and meal and rest

11   period premium pay, in a prompt and timely manner in violation of the California Labor Code.

12        92.    During the 2017 season in Monterey County, Plaintiff resided in housing provided by

13   Defendant ELKHORN PACKING, in which full kitchen facilities were not available. Plaintiff resided at

14   the Motel Super 8 in King City from March 2017 until July of 2017. The employer-provided housing

15   was Plaintiff's only private space for the duration of his employment with Defendants in Monterey

16   County.

17        93.    During the 2017 season, Defendant ELKHORN PACKING provided two (2) meals a day

18   from Monday through Saturday to Plaintiff and other H-2A workers working under job order 15197570.

19        94.    During the 2017 season, Defendant ELKHORN PACKING did not provide meals to

20   Plaintiff and other H-2A workers working under job order 15197570 on Sundays.

21        95.    During the 2017 season, Defendant ELKHORN PACKING provided meals to Plaintiff

22   and other H-2A workers working under job order 15197570 that were unsanitary, contaminated or

23   otherwise spoiled such that Plaintiff and, on information and belief, other workers suffered from food

24   poisoning or were forced to purchase other food.

25        96.    Defendant ELKHORN PACKING general supervisor Crispin Bermudez and Defendant

26   D'ARRIGO BROS.'s supervisor Janelle Gutierrez knew that the meals provided to workers working

27   under job order 15197570 were unsanitary, contaminated or otherwise spoiled because workers

28   complained to her about the condition of the food.

97.     Defendants failed to take action to prevent food poisoning of its workers during the 2017 season in Monterey County.

98.     Defendants' actions in failing to compensate Plaintiff and other field workers employed under job order 15197570 for all compensable time, and in failing to provide premium pay for inadequate or denied meal and rest periods, and in failing to provide Plaintiff and other H-2A workers with three meals a day, lowered Defendants' labor costs and provided Defendants a significant competitive advantage in violation of the Unfair Competition Law.

99.     During the 2017 season in Monterey, Defendant ELKHORN PACKING provided housing and retained copies of the keys to Plaintiff's hotel room. Defendant ELKHORN PACKING, through its agents, entered Plaintiff's hotel room without prior notice or permission on at least five (5) occasions.

100.    On or around June of 2017, Lance (LNU), an agent of Defendant ELKHORN PACKING, entered Plaintiff's hotel room without prior notice or consent. During the intrusion, Lance yelled, physically intimidated Plaintiff by standing close to his face and threatened Plaintiff. Lance threatened Plaintiff with job suspension if Plaintiff complained about the unauthorized entry into Plaintiff's hotel room. Plaintiff was humiliated, intimidated, and highly offended by Defendant ELKHORN PACKING's intrusion.

## FIRST CAUSE OF ACTION
### (BREACH OF CALIFORNIA CONTRACTS
### AGAINST DEFENDANT ELKHORN PACKING)

101.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

102.    Plaintiff brings this count against Defendant ELKHORN PACKING for breaching the parties' employment contract.

103.    For work performed in California, Plaintiff was promised the higher of the contractual wage rate of $11.86 (during 2016) and $12.09 (during 2017) per hour, the prevailing wage or piece rate, or the state or federal minimum wage.

104.    Under the terms of the above-mentioned job orders (Exhibits A and C), Defendant ELKHORN PACKING deducted $12.09 for each work day during the 2016 season and $12.07 during the 2017 season from Plaintiff's and, on information and belief, other H-2A workers' paycheck for

1  employer-provided meals. Under these terms, Defendant ELKHORN PACKING promised to provide
2  three (3) meals a day.
3      105.    Plaintiff performed his contractual obligation by performing work for Defendants during
4  the 2016 and 2017 seasons.
5      106.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by
6  failing to compensate Plaintiff for all compensable time under applicable state and federal laws.
7      107.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by
8  failing to compensate Plaintiff for all compensable hours worked at the contractually promised wage
9  rates.
10     108.    On information and belief, Defendant ELKHORN PACKING failed to pay Plaintiff for
11 all hours worked, in part, because Defendant ELKHORN PACKING failed to record the time in which
12 Plaintiff was required to wait, be transported in Defendants' buses, exercise, and/or was otherwise
13 engaged in pre- or post-harvesting compensable work time at Defendants' direction.
14     109.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by
15 failing to provide three (3) meals a day during the 2016 and 2017 seasons in Monterey County.
16     110.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by
17 providing food that was not edible and had either reduced value or no value during the 2016 and 2017
18 seasons in Monterey County.
19     111.    As a direct and proximate result of Defendant's breach of contract, Plaintiff suffered
20 injury, including but not limited to illegal deductions, economic loss, travel expenses and medical
21 expenses.
22     112.    As a direct and foreseeable consequence of Defendant's breach of contract, Plaintiff
23 consumed contaminated food that led to his food poisoning and other damages related thereto
24     113.    Plaintiff is entitled to and requests restitution and damages arising out of Defendant's
25 breach of contract in amounts to be determined at trial.
26 ///
27 ///
28 ///

**SECOND CAUSE OF ACTION**
**(BREACH OF ARIZONA CONTRACT**
**AGAINST DEFENDANT ELKHORN PACKING)**

114.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

115.    Plaintiff brings this count against Defendant ELKHORN PACKING for breaching the parties' employment contract.

116.    For work performed in Arizona, Plaintiff was promised the higher of the contractual wage rate of $11.20 (during the 2016-17 season) per hour, the prevailing wage or piece rate, or the state or federal minimum wage.

117.    Under the terms of Job order 2406171 (Exhibit B), Defendant ELKHORN PACKING promised to provide housing and transportation in Yuma County to all H-2A workers.

118.    Plaintiff performed his contractual obligation by performing work for Defendants during the 2016-2017 season in Yuma County, Arizona.

119.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable time under applicable state and federal laws.

120.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable hours worked at the contractually promised wage rates.

121.    On information and belief, Defendant ELKHORN PACKING failed to pay Plaintiff for all compensable time, in part, because Defendant ELKHORN PACKING failed to record the time in which Plaintiff was required to wait in fields and/or was otherwise engaged in pre- or post-harvesting compensable work time at Defendants' direction.

122.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to provide housing and transportation during the 2016-17 season in Yuma County.

123.    As a direct and proximate result of Defendant's breach of contract, Plaintiff suffered injury, including but not limited to economic loss, housing costs, and transportation costs.

124.    Plaintiff is entitled to and requests restitution and damages arising out of Defendant's breach of contract in amounts to be determined at trial.

**THIRD CAUSE OF ACTION**
**(FOR FAILURE TO PAY MINIMUM WAGES IN**
**VIOLATION OF LABOR CODE §§ 1182.12,**
**1194, 1197 AND I.W.C. WAGE ORDER 14**
**AGAINST ALL DEFENDANTS)**

125.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

126.    Plaintiff brings this count against all Defendants for their failure to pay minimum wage for all compensable hours.

127.    During the 2016 and 2017 California seasons, Defendants failed to pay Plaintiff and, on information and belief, other field workers, the minimum wage for each hour worked in violation of Labor Code §§ 1182.12, 1197, California Industrial Welfare Commission Wage Order No. 14-2001 (hereinafter Wage Order 14), 8 Cal. Code Regulations (C.C.R.) § 11140.

128.    Due to Defendants' policies and practices, including the practice of excluding compensable waiting, preparatory, exercise, and/or travel time from compensation, Plaintiff, and, on information and belief, other field workers, did not receive the applicable minimum wage for each compensable hour of work.

129.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff, and, on information and belief, other field workers, were deprived of minimum wages due in amounts to be determined at trial.

130.    Plaintiff is entitled to recover and requests the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

**FOURTH CAUSE OF ACTION**
**(LIQUIDATED DAMAGES FOR FAILURE**
**TO PAY MINIMUM WAGE IN VIOLATION**
**OF LABOR CODE §1194.2**
**AGAINST ALL DEFENDANTS)**

131.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

132.    Plaintiff brings this count for liquidated damages based on the failure to pay minimum wage for all hours worked against Defendants.

133.    As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to Lab. Code § 1194.2. The exact amount of liquidated damages owed will be determined at trial.

134.    As a result of Defendants' unlawful acts, Plaintiff is entitled to recover and requests such amounts, plus interest thereon, attorneys' fees and costs under Lab. Code § 1194.

### FIFTH CAUSE OF ACTION
**(FOR FAILURE TO PAY OVERTIME**
**WAGES IN VIOLATION OF LABOR**
**CODE§ 1194 and WAGE ORDER 14**
**AGAINST ALL DEFENDANTS)**

135.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

136.    Plaintiff asserts this count against Defendants for violation of California Labor Code §1194.

137.    Plaintiff seeks unpaid overtime premium wages against Defendants for all uncompensated overtime hours worked.

138.    During the 2016 and 2017 seasons, Defendants failed to pay Plaintiff and, on information and belief, other field workers, overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours and all hours worked in each workweek in excess of sixty (60) hours as required by Labor Code § 1194 and Wage Order 14, 8 C.C.R. § 11140(3).

139.    Plaintiff and other field workers regularly worked in excess of ten hours each day, including the compensable unpaid time spent waiting, preparing, exercising and/or travel time that was not recorded by Defendants. Plaintiff and, on information and belief, other H-2A workers, did not receive premium pay for all overtime hours worked.

140.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and, on information and belief, other H-2A workers, have been deprived of overtime wages due and are entitled to recover those amounts.

141.    Plaintiff is entitled to and requests relief in the amount equal to unpaid overtime hours (at the premium rate) as well as pre- and post-judgment interest.

## SIXTH CAUSE OF ACTION
### (FOR FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND WAGE ORDER NO. 14 AGAINST ALL DEFENDANTS)

142.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

143.    Plaintiff brings this count against Defendants for failure to provide meal periods during the 2016 and 2017 seasons in violation of Labor Code § 226.7 and Wage Order 14, 8 C.C.R. § 11140(11).

144.    During his California based employment with Defendants, Plaintiff and, on information and belief, other H-2A workers, regularly worked in excess of five (5) hours without being provided a meal period until after the start of the sixth hour of work.

145.    Plaintiff and other H-2A workers regularly worked in excess of ten (10) hours without being provided a second meal period.

146.    The provision of late or inadequate meal periods for employees working five and/or ten or more hours in a day violates Labor Code § 226.7 as well as Wage Order 14, 8 C.C.R. § 11140(11).

147.    Because Defendants failed to provide timely or sufficient meal periods, Defendants are liable to Plaintiff and, on information and belief, other H-2A workers, for one hour of additional pay at the regular rate of compensation, here Plaintiff's and other H-2A workers' contractually promised hourly wage or their average hourly piece rate earnings for the pay period, whichever is higher, for each workday that the meal periods were not provided, pursuant to Labor Code § 226.7. Plaintiff, and on information and belief other H-2A employees, were not paid these premium pay wages.

148.    Plaintiff is entitled to and requests relief in an amount equal to one hour of pay for each untimely or insufficient meal period.

///

///

///

**SEVENTH CAUSE OF ACTION**
**(FOR FAILURE TO PROVIDE REST**
**PERIODS IN VIOLATION OF LABOR CODE**
**§ 226.7 AND WAGE ORDER NO. 14**
**AGAINST ALL DEFENDANTS)**

149.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

150.    Plaintiff brings this count against Defendants for failure to provide adequate rest periods during the 2016, and 2017 seasons in violation of Labor Code § 226.7 and Wage Order 14, 8 C.C.R. § 11140(11).

151.    During his California-based employment with Defendants, Plaintiff and other H-2A workers regularly worked in excess of ten (10) hours without being provided a third 10-minute rest period.

152.    The failure to provide a 10-minute rest period for every four hours of work in a day violates Labor Code § 226.7 as well as Wage Order 14, 8 C.C.R. § 11140(11).

153.    Because Defendants failed to provide sufficient rest periods, Defendants are liable to Plaintiff and, on information and belief, other H-2A workers for one hour of additional pay at the regular rate of compensation, here Plaintiff's and other H-2A workers' contractually promised hourly wage or the average hourly piece rate earnings for the pay period, whichever is higher, for each workday that the rest periods were not provided, pursuant to Labor Code § 226.7. Plaintiff, and on information and belief, other H-2A workers were not paid these premium pay wages.

154.    Plaintiff is entitled to and requests relief in an amount equal to one hour of pay for each day he was not provided a rest period for every four hours of work.

**EIGHTH CAUSE OF ACTION**
**(FOR FAILURE TO FURNISH**
**ACCURATE WAGE STATEMENTS IN**
**VIOLATION OF LABOR CODE § 226**
**AGAINST ALL DEFENDANTS)**

155.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

156.    Plaintiff brings this count against Defendants for their failure to provide Plaintiff accurate wage statements that correctly recorded the hours Plaintiff worked.

157.    Labor Code § 226(a) requires employers to provide itemized wage statements which accurately show the total hours worked by the employee.

158.    Labor Code § 226(e)(1) provides that if an employer knowingly and intentionally fails to provide such an itemized statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

159.    Defendants knowingly and intentionally failed to furnish Plaintiff and, on information and belief, other H-2A workers with accurate statements as required by Labor Code § 226(a) in that each wage statement failed to accurately report all hours worked and the applicable rates of pay. Plaintiff and, on information and belief, other H-2A workers have suffered injury as a result. Accordingly, Defendants are liable to Plaintiff and, on information and belief, other H-2A workers for the amounts provided by Labor Code § 226(b).

160.    Plaintiff is entitled to and requests the applicable penalties in an amount to be determined at trial but not to exceed $4,000 and injunctive relief available pursuant to Cal. Labor Code § 226(h).

### NINTH CAUSE OF ACTION
### (FOR WAITING TIME PENALTIES
### PER LABOR CODE §§ 201-203
### AGAINST ALL DEFENDANTS)

161.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

162.    Plaintiff asserts this count against Defendants for their failure to pay Plaintiff all wages owing at separation from employment.

163.    Under California Labor Code §§ 201-203, an employer is required to promptly pay all compensation owing to an employee upon their separation from employment and the employer is liable for waiting time penalties in the form of a daily penalty up to a maximum of thirty (30) days.

164.    Defendants willfully failed to timely pay compensation and wages owing, including minimum wages, overtime wages and meal and rest period premium wages, to Plaintiff and, on information and belief, other field workers who separated from their employment with Defendants. As a result, Defendants are liable to Plaintiff and, on information and belief, other field workers for waiting time penalties, together with interest thereon and attorney's fees and costs, under Labor Code § 203.

165.    Plaintiff requests thirty (30) days' penalties at the higher of his average hourly piece rate earnings or the contractually mandated hourly wage under Labor Code § 203 for each season in California in which Defendants failed to pay all wages due and owing to him upon termination of his employment.

**TENTH CAUSE OF ACTION**
**UNLAWFUL AND/OR UNFAIR**
**BUSINESS PRACTICES**
**(CAL. BUS. & PROF. CODE §§ 17200-17208**
**AGAINST ALL DEFENDANTS)**

166.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

167.    Plaintiff sues each Defendant as an individual on his own behalf pursuant to Business and Professions Code §§ 17200, *et seq.*

168.    Defendants' conduct as alleged in this complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and those similarly situated. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

169.    Plaintiff is a "person" within the meaning of Business and Professions Code § 17204 who has suffered injury in fact as a result of Defendants' unfair competition, and therefore has standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

170.    Business and Professions Code §§ 17200 *et seq.* prohibits unlawful, unfair, and fraudulent business practices. Through the conduct alleged in this complaint, Defendants have acted contrary to California public policy, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*, depriving Plaintiff of rights, benefits, and privileges guaranteed under law.

171.    Defendants have committed unfair and unlawful business practices within the meaning of Business and Professions Code §§ 17200 *et seq.* by engaging in conduct that includes, but is not limited to the following:

a.    Failing to reimburse H-2A workers for the visa cost;

b.    Failing to provide three (3) meals a day as required under the  job orders and regulations;

c.    Failing to provide food that is wholesome and free from spoilage;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 21

d.  Failing to provide housing and transportation during the 2016-17 season in Yuma, AZ;

e.  Failing to compensate employees for all their hours worked, in violation of Labor Code §§ 1182.12, 1194, 1197, and the applicable provisions of Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

f.  Failing to pay overtime premiums for work performed in excess of ten (10) hours per work day, or sixty (60) hours per work week, contrary to the applicable provisions of Labor Code § 1198 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

g.  Failing to provide meal and rest periods as required by Labor Code § 226.7 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

h.  Failing to pay premium compensation for missed meal and rest periods, as required by Labor Code § 226.7(c);

i.  Failing to comply with the record keeping requirements of Labor Code § 1174(d) which requires employers to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees...";

j.  Failing to provide accurate itemized wage statements as required by Labor Code § 226(a); and

k.  Failing to pay workers all wages owed upon separation from employment in violation of Labor Code § 203.

172.  As a direct result of the unfair, unlawful, and anti-competitive conduct alleged in this complaint, Defendants have acted contrary to law and contrary to public policy and have thus engaged in unlawful and unfair business practices in violation of Business and Professions Code §§ 17200 *et seq.* Defendants have engaged in such conduct for their own economic self-interest, to increase their profits, and to the detriment of business competitors whose conduct complies with California law and public policy.

173.  Through their unfair business practices alleged herein, Defendants have received and retained and continue to receive and retain funds that rightfully belong to Plaintiff and other workers and have produced further profits with those funds. As a result, Defendants have been unjustly enriched and

1    have achieved an unfair competitive advantage over their legitimate business competitors at the expense

2    of their employees and the public at large.

3         174.    Plaintiff is entitled to, and does seek all relief as may be necessary to restore to Plaintiff

4    all money and property which Defendants have acquired, or of which Plaintiff has been deprived, by

5    means of the Defendants' unfair and unlawful business practices, and to restore to Plaintiff the ill-gotten

6    gains obtained by Defendants through those practices.

7         175.    Plaintiff is informed and believes and thereon alleges that during his employment with

8    Defendants, Defendants' conduct injured the interests of the Plaintiff resulting in economic loss to the

9    Plaintiff.

10        176.    Injunctive relief pursuant to Business and Professions Code § 17203 is necessary to

11   prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint.

12   Defendants, and each of them, and/or persons acting in concert with them, have done, are now doing, and

13   will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and

14   enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.

15   Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited

16   to the following: (a) it is difficult to measure the amount of monetary damages that would compensate

17   Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not

18   afford adequate and complete relief.  The continuing violation of law by Defendants will cause great and

19   irreparable damage to Plaintiff and others similarly situated unless Defendants are immediately restrained

20   from committing further illegal acts.

21        177.    Business and Professions Code § 17203 provides that the Court may restore to an

22   aggrieved party any money or property acquired by means of unlawful and unfair business practices.

23   Plaintiff seeks restitution of all unpaid wages owing to himself, according to proof, as well as the

24   declaratory and injunctive relief described herein.

25        178.    Plaintiff requests that the Court issue an Order requiring Defendants to pay lawful wages

26   to prevent this anti-competitive behavior in the future, and that they pay restitution.

27   ///

28   ///

## ELEVENTH CAUSE OF ACTION
### (PRIVATE ATTORNEYS GENERAL ACT
### CAL. LABOR CODE § 2699 *et. Seq*
### AGAINST ALL DEFENDANTS)

179.   Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

180.   Plaintiff brings this claim on behalf of himself and all aggrieved employees as well as the general public of the State of California against Defendants.

181.   Pursuant to Cal. Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.  These civil penalties are in addition to any other relief available under the Labor Code.

182.   Plaintiff alleges that the Defendants violated the following provisions of the California Labor Code and IWC Wage Orders that are actionable through the California Labor Code and PAGA: Cal. Labor Code §§ 201, 202, 203, 205, 218, 226, 226.7, 558, 1174, 1182.12, 1194, 1197, 1198 and IWC Wage Order 14-2001. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

183.   Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment.  Plaintiff is, therefore, an aggrieved employee as defined by Labor Code § 2699(c).  On information and belief, other current and former employees are also aggrieved employees because one or more of the alleged violations were committed against them during their time of employment with Defendants.

184.   Pursuant to Cal. Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

185.    Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Additionally, an aggrieved employee may recover civil penalties for each aggrieved employee as provided by Cal. Labor Code § 558, including but not limited to an amount sufficient to recover underpaid wages due each aggrieved employee.

186.    An aggrieved employee may also recover civil penalties for each aggrieved employee as provided by Cal. Labor Code § 1197.1, including but not limited to, an amount sufficient to recover underpaid wages and liquidated damages pursuant to Cal. Labor Code § 1194.2.

187.    Pursuant to Cal. Labor Code § 558 and § 1197.1, underpaid wages and liquidated damages must be paid to each affected employee.

188.    Plaintiff seeks the maximum civil penalties permitted by law for Defendants' violations of the California Labor Code and IWC Wage Order 14-2001, including penalties under Labor Code §§ 203, 210, 226.3, 256, 558, 1174.5, 1197.1, 2699(f), and 2810(g). On December 13, 2017 Plaintiff provided written notice via the LWDA's online filing system and via certified mail to Defendants regarding the specific provisions of the Labor Code alleged to have been violated by the Defendants, including the facts and theories to support the alleged violations.

189.    As of date of filing of this action, more than 65 days after notice to the LWDA and the Defendants, the LWDA has not provided written notice that it intends to investigate Plaintiff's allegations. Accordingly, Plaintiff has satisfied the administrative prerequisites of Labor Code § 2699.3 to bring an action to recover penalties against the Defendants.

190.    Wherefore, Plaintiff, and the other current and former employees, have been harmed as set forth above and request relief as hereafter provided, including attorney's fees pursuant to Cal. Labor Code § 2699.

## TWELFTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST
### ALL DEFENDANTS)

191.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

192.    Plaintiff brings this count against all Defendants for negligence.

193.    Defendant ELKHORN PACKING owed a duty of care to Plaintiff arising from the H-2A job orders attached as Exhibits A and C. Defendant D'ARRIGO BROS. owed a duty of care to Plaintiff because Plaintiff was working on fields owned and operated by D'ARRIGO BROS., the meals provided by defendant Elkhorn Packing were provided to Plaintiff and other workers while they were employed on those fields under the supervision of D'ARRIGO BROS. agents, and D'ARRIGO BROS. agents were placed on notice of the inadequate and dangerous quality of the food.

194.    Defendant ELKHORN PACKING was required to provide three (3) meals a day to workers residing in employer-provided housing in which full kitchen facilities were not available for workers to prepare their own meals. 20 CFR 655.122(g).

195.    Defendant ELKHORN PACKING, as Plaintiff's employer, owed him a duty to exercise due care in the management and provision of meals. Such duty requires Defendant ELKHORN PACKING to comply with all laws regarding the handling and provision of food. Defendant D'ARRIGO BROS, as Plaintiff's joint employer who supervised his work in D'ARRIGO BROS' fields and was put on notice that the food provided by ELKHORN PACKING was making workers sick, also had a duty of care to Plaintiff and other workers regarding the food served on its premises to those working for its benefit.

196.    Defendant ELKHORN PACKING, as alleged, has failed to exercise due care in the management of the food provision to its workers and acted negligently in each such act or omission. Defendant D'ARRIGO BROS. breached the duty of care it owed to Plaintiff as a worker employed on its premises in failing to take action to mitigate a known health hazard and acted negligently in each such act or omission.

197.    Defendants acted negligently during the 2016 and 2017 lettuce seasons by providing food that was spoiled and contained pieces of plastic and continuing to provide this contaminated food after workers complained about its quality.

198.    As a direct and proximate result of Defendants' acts and/or omissions Plaintiff suffered physical injury, economic loss, and emotional distress.

199.    Plaintiff is entitled to and requests compensatory damages in an amount to be determined at trial.

### THIRTEENTH CAUSE OF ACTION
### (TORTIOUS INTRUSION UPON SECLUSION
### AGAINST DEFENDANT ELKHORN PACKING)

200.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

201.    Plaintiff brings this count against Defendant ELKHORN PACKING, for its Tortious Intrusion upon Seclusion.

202.    Plaintiff had a reasonable expectation of privacy within the confines of the employer-provided housing Defendant furnished him. Plaintiff's personal property was kept within his room and his personal conversations with family and close friends and all his personal time was spent in this room.

203.    Defendant ELKHORN PACKING intentionally intruded into Plaintiff's hotel room as detailed in paragraphs 37, 38, 99 and 100 of the Instant Complaint.

204.    The intrusion of Defendant ELKHORN PACKING was highly offensive to Plaintiff. Plaintiff believes and alleges that Defendant ELKHORN PACKING's actions are highly offensive to any reasonable person.

205.    The above-described actions demonstrate that the motives of and goals of Defendant ELKHORN PACKING during the intrusion went beyond the employer's need to inspect the premises and amounted to an intentional intrusion intended to send the message to Plaintiff that he retained no right to privacy.

206.    As a direct and proximate result of Defendant ELKHORN PACKING's acts or omissions, Plaintiff suffered mental anguish.

207.    Plaintiff is entitled to and requests emotional distress and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.    That the Court find that Defendant ELKHORN PACKING breached the employment contracts with Plaintiff, and that Plaintiff be awarded damages and restitution;

B.    That the Court find that Defendants have violated the minimum wage provisions of Labor Code §§ 1182.11-1182.12, 1194, 1197 and Wage Order 14, and award an amount equal to unpaid minimum wages due, plus liquidated damages;

C.    That the Court find that Defendants have violated overtime wage provisions of the Labor Code including § 1198 and Wage Order 14, and award an amount equal to unpaid overtime wages due;

D.    That the Court find that Defendants have violated Labor Code §§ 226.7 and Wage Order 14, 8 C.C.R. § 11140, by failing to provide Plaintiff with timely and sufficient meal and rest periods, and award an amount equal to one hour of pay for each meal and rest period that was not provided to Plaintiff;

E.    That the Court find that Defendant ELKHORN PACKING have violated the terms of the employment contract between themselves and Plaintiff by failing to pay the promised wage rate for all hours worked under said agreement and award Plaintiff restitution in the amount of the wages owed therein;

F.    That the Court find that Defendants have violated Labor Code § 226(a) by knowingly and intentionally failing to provide Plaintiff with accurate itemized wage statements, and award penalties due pursuant to Labor Code § 226(b);

G.    That the Court find that Defendants have violated Labor Code §§ 201 and/or 202 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and award waiting time penalties due pursuant to Labor Code § 203;

H.    That the Court find that Defendants have violated Cal. Business and Professions Code § 17200 by failing to pay Plaintiff minimum and overtime wages and waiting time penalties, by failing to afford Plaintiff timely and sufficient meal and rest periods and by failing to furnish Plaintiff with statements accurately showing total hours worked and failing to maintain accurate payroll records;

I.    That Defendants be ordered and enjoined to cease their unlawful and/or unfair activities as alleged herein and pay restitution to Plaintiff due to Defendants' unlawful and/or unfair activities, pursuant to Cal. Business and Professions Code §§ 17200-08;

J.    That the Court find that Defendants have violated the PAGA and award the civil penalties requested above on behalf of Plaintiff as well as other aggrieved employees as follows:

    i.    For all provisions of the Cal. Labor Code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

each subsequent violation;

    ii.   For all provisions of the Cal. Labor Code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as provided by statute;

    iii.  For violations of the provisions of the Wage Orders regarding working hours, civil penalties for each aggrieved employee as provided by Cal. Labor Code § 558, including but not limited to an amount sufficient to recover underpaid wages due each aggrieved employee;

    iv.  For violations of the provisions of the Wage Orders regarding minimum wages, civil penalties for each aggrieved employee as provided by Cal. Labor Code § 1197.1, including but not limited to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Cal. Labor Code § 1194.2, waiting time penalties pursuant to Labor Code § 203; and

    v.  For an entry of judgment against Defendants pursuant to Cal. Labor Code § 2699, directing that the amount of underpaid wages awarded and recovered as penalties pursuant to Cal. Labor Code § 558 and underpaid wages and liquidated damages awarded under § 1197.1 be paid to each affected employee in accordance with Labor Code §§ 558(3) and 1197.1, and the penalties otherwise awarded be distributed as follows: 75% to the LWDA and 25% to the aggrieved Plaintiff and employees.

K.    That the Court find that Defendants violated their duty of care to Plaintiff regarding the quality and amount of food provided, and that Plaintiff is entitled to damages and emotional distress relief;

L.    That the Court find that Defendant ELKHORN PACKING intentionally intruded into Plaintiff's privacy causing him emotional distress and that Plaintiff is entitled to emotional distress relief and punitive damages;

M.    For an award of pre-judgment interest as authorized under the law;

N.    For an award of post-judgment interest as authorized under the law;

O.   That Plaintiff be awarded reasonable attorney's fees and costs pursuant to Labor Code §§ 203, 226, 1194, 2699 and/or other applicable law; and,

P.   That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Date: July 24, 2018

CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

_____
Ana Vicente de Castro
*Attorney for Plaintiff*

Case Name:  *Dario Martinez-Gonzalez v. Elkhorn Packing Co., LLC, et al.*
Case No:

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding.   I am employed in and am a resident of San Diego County where the mailing occurs; and my business address is 5661 La Jolla Blvd, La Jolla, CA  92037.

- **JOINT NOTICE OF REMOVAL OF DEFENDANTS ELKHORN PACKING COMPANY LLC AND D'ARRIGO BROS. CO., OF CALIFORNIA, TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
- **DECLARATION OF REGINA SILVA ESQ. IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, NORTHERN DISCTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332**

I certify that on 24th day of August, 2018, a true and correct copy of the foregoing has been electronically filed using the Court's **CM/ECF System**.  I further Certify that a copy of the foregoing document will be sent via Notice of Electronic Filing to Attorneys for the Plaintiff, as follows:

Ana Vicente de Caslrn, SBN 309958
Josephine Weinberg, SBN 274950
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone: (831) 757-5221
Facsimile: (831) 757-6212
avicente@crla.org
jweinberg@crla.org

Estella M. Cisneros, SBN 287733
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3747 E. Shields Ave.
Fresno, CA 93726
Telephone: (559) 441-8721
Facsimile: (559) 441-0724
ecisneros@crla.org

1
2
3
4

Karla Gilbride, SBN 264118
PUBLIC JUSTICE
1620 L Street NW, Suite 630,
Washington, DC 20036
KGilbride@publicjustice.net

5
6

*Attorneys for Plaintiffs*

7
8
9
10
11

Geoffrey F. Gega, SBN 91980
Law Offices of Geoffrey F Gega
1851 East First Street Suite 900
Santa Ana, CA 92705
Tel: 714-542-1883
Fax: 714-542-1009
Email: ggega@gegalaw.com

12

*Attorneys for Defendant D'Arrigo Bros. Co. of California*

13
14
15
16

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 24, 2018, at La Jolla, California.

17
18
19

Barbara Martin-Callahan

20
21
22
23
24
25
26
27
28

-2-