Ana Vicente de Castro, SBN 309958
Josephine Weinberg, SBN 274950
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone: (831) 757-5221
Facsimile: (831) 757-6212
avicente@crla.org
jweinberg@crla.org

Estella M. Cisneros, SBN 287733
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3747 E. Shields Ave.
Fresno, CA 93726
Telephone: (559) 441-8721
Facsimile: (559) 441-0724
ecisneros@crla.org

Karla Gilbride, SBN 264118
PUBLIC JUSTICE
1620 L Street NW, Suite 630,
Washington, DC 20036
KGilbride@publicjustice.net

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARIO MARTINEZ-GONZALEZ, on behalf of himself and other aggrieved employees,<br><br>        Plaintiff,<br><br>v.<br><br>ELKHORN PACKING CO., LLC, D'ARRIGO BROS. CO., OF CALIFORNIA, and DOES 1-20, INCLUSIVE,<br><br>        Defendants. | Case No.: 3:18-cv-05226-EMC<br><br>**FIRST AMENDED COMPLAINT COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DARIO MARTINEZ-GONZALEZ ("Plaintiff") alleges his Complaint against Defendants ELKHORN PACKING CO. LLC ("ELKHORN PACKING"), D'ARRIGO BROS. CO., OF CALIFORNIA ("D'ARRIGO BROS."), and DOES 1-20 (collectively referred to as "Defendants") as follows:

## NATURE OF THE CASE

1.      Plaintiff was employed by Defendants ELKHORN PACKING and D'ARRIGO BROS. as an H-2A seasonal agricultural laborer during the 2016, 2016 - 2017 and 2017 lettuce seasons.  During his employment, Defendants violated federal and California law by failing to pay Plaintiff and other aggrieved employees for all hours worked, failing to pay required minimum wages and premium overtime pay, failing to provide meal and rest periods or compensation for missed meal and rest periods, and failing to pay waiting time penalties. Defendants also breached the duty of care they owed to Plaintiff by providing meals to Plaintiff and, on information and belief, other workers working under the same job order(s) that were contaminated or spoiled and were not safe to eat, even though Defendants knew or should have known of the food's poor quality. Defendant ELKHORN PACKING also breached the employment contract with Plaintiff and unreasonably invaded Plaintiff's privacy. Plaintiff seeks unpaid wages, damages, statutory penalties, restitution, an order requiring Defendants to pay lawful wages and compensate employees for all hours worked, and other injunctive relief, attorneys' fees, costs of suit and other appropriate and just relief against all Defendants.

## PARTIES

2.      Plaintiff DARIO MARTINEZ-GONZALEZ is an H-2A worker from Mexico who was recruited by Defendant ELKHORN PACKING in Mexico to work in fields owned and/or operated by Defendant D'ARRIGO BROS. in Monterey County, California and Yuma County, Arizona.

3.      Defendant ELKHORN PACKING is a California Limited Liability Company with its principal offices located at 60 W. Market St., Salinas, CA 93902.

4.      Defendant ELKHORN PACKING is a California registered farm labor contractor that provides workers to perform labor for business entities.

5.      Defendant D'ARRIGO BROS. is a California corporation with its principal offices located at 21777 Harris Road, Salinas, CA 93908.

6.      On information and belief, Defendant D'ARRIGO BROS. is a business entity that employs more than 25 workers and obtains and/or is provided workers to perform labor within its usual course of business from a labor contractor.

7.      On information and belief, at all times relevant to this action, Defendant ELKHORN PACKING was a "labor contractor" as defined by Cal. Lab. Code § 2810.3(a)(3).

8.      On information and belief, at all times relevant to this action, Defendant D'ARRIGO BROS. was a "client employer" as defined by Cal. Lab. Code § 2810.3(a)(1)(A), utilized Defendant ELKHORN PACKING as a labor contractor, and shares liability with Defendant ELKHORN PACKING for all civil legal responsibility and civil liability for the payment of wages due to Plaintiff pursuant to Cal. Lab. Code § 2810.3(b).

9.      Plaintiff provided notice to D'ARRIGO BROS., pursuant to Cal. Labor Code 2810.3(d), in excess of 30 days prior to filing of this Complaint.

10.     On information and belief, at all times relevant to this action, Defendant ELKHORN PACKING provided employees to Defendant D'ARRIGO BROS. in Monterey County, California and Yuma County, Arizona and employed Plaintiff and others for the lettuce harvest.

11.     On information and belief, ELKHORN PACKING and D'ARRIGO BROS. entered into a joint venture to bring H-2A workers into the United States for continuous work in California and Arizona, and as part of that joint venture, D'ARRIGO BROS. knew or had reason to know of ELKHORN PACKING's practices relating to recruitment, housing, meals and other terms and conditions of the H-2A job orders.

12.     On information and belief, ELKHORN PACKING and D'ARRIGO BROS are each an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

13.     Plaintiff is informed and believes that at all times material to this action, Defendants have each been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and that the annual dollar business volume for each defendant has exceeded $500,000.

14.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 20, inclusive.  Plaintiff will seek leave to amend this complaint to

1  allege the true names and capacities of said DOES when ascertained.  Plaintiff is informed and believes

2  and thereon alleges that each of the DOE Defendants was responsible in some manner for the occurrences

3  and injuries alleged in this Complaint.

## JURISDICTION AND VENUE

5  15.   This action was originally filed in Monterey County Superior Court as Case No,

6  18CV002834 and was removed to federal court by ELKHORN PACKING on August 26, 2018 pursuant

7  to 28 USC §  1341. This court also has jurisdiction under 28 USC § 1331 because Plaintiff brings claims

8  under the Fair Labor Standards Act, 29 USC § 201 et seq. This court has jurisdiction over Plaintiff's state

9  law claims pursuant to 28 USC § 1367.

10  16.   Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391.  Many of the

11  unlawful acts occurred in this district or were directed by Defendants from this district.

## FACTUAL ALLEGATIONS

13  17.    Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO

14  BROS., submitted multiple job orders, including job orders 14666155 and 15197570, to the California

15  Employment Development Department and job order 2406171 to the Arizona Department of Economic

16  Security for clearance and approval in conjunction with their H-2A applications for the 2016, 2016 - 2017

17  and 2017 seasons.

18  18.   Defendant ELKHORN PACKING, in consultation with Defendant D'ARRIGO BROS.,

19  and on information and belief the DOE Defendants, submitted the aforementioned job orders to recruit

20  and import foreign workers, like Plaintiff, for the lettuce harvest.

21  19.   On information and belief, Defendant D'ARRIGO BROS. obtained workers from

22  Defendant ELKHORN PACKING to perform labor for the 2016, 2016 - 17 and 2017 seasons.

23  20.   Under the terms of the above-mentioned job orders and federal regulations, Defendant

24  ELKHORN PACKING was required to provide housing to all H-2A workers.  8 U.S.C. § 1188(c)(4).

25  21.   Under the terms of the above-mentioned job orders and federal regulations, Defendant

26  ELKHORN PACKING was required to provide three (3) meals a day to workers residing in employer-

27  provided housing in which full kitchen facilities were not available for workers to prepare their own

28  meals. 20 CFR 655.122(g).

22.     Defendants required that Plaintiff and, on information and belief, other workers working under the above-mentioned job orders do mandatory exercises before the start of harvesting each workday for approximately five (5) to ten (10) minutes.

23.     Defendants did not compensate Plaintiff, and on information and belief, other workers working under the above-mentioned job orders for time spent exercising at the employers' direction. On information and belief, Defendants did not maintain records documenting such compensable time.

**2016 Season in California**

24.     Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 14666155, certified as Temporary Alien Labor Certification Number H-300-16025-024856, to the California Employment Development Department requesting 222 workers for the period of March 26, 2016 to November 15, 2016 to work in and around Monterey County harvesting lettuce at locations owned and/or operated by D'ARRIGO BROS. A copy of this H-2A job order and certification is attached as "Exhibit A" to this Complaint.

25.     Plaintiff and other workers were recruited by Defendant ELKHORN PACKING to perform work for Defendant D'ARRIGO BROS.

26.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 14666155 (Exhibit A). Plaintiff worked for Defendants during the 2016 lettuce harvesting season under the terms of this job order.

27.     Defendants failed to provide the work contract, job order 14666155, to Plaintiff and, on information and belief, other workers working under the same job order by the time they applied for the visa as required by federal regulations. 20 CFR 655.122(q).

28.     In 2016, Plaintiff and on information and belief, other workers working under job order 14666155 obtained and paid for the cost of the H-2A visa under job order 14666155 in the United States Consulate in Mexico.

29.     Under the terms of job order 14666155 and certification and by operation of law, Defendants were required to reimburse the H-2A workers for the cost of the visa.

30.     Defendants failed to reimburse Plaintiff and, on information and belief, other workers working under job order 14666155 for the cost of the visa.

31.     Defendants, under H-2A job order 14666155, promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the H-2A order.

32.     The employment contract under the terms of H-2A job order 14666155 promised an hourly rate of $11.89 for work performed in California in 2016.

33.     Plaintiff and, on information and belief, other workers working under job order 14666155, were paid by piece rate ranging from $1.41 to $2.39 per pack or bag during the 2016 season.

34.     Defendants failed to pay Plaintiff and, on information and belief, other workers working under job order 14666155, $11.89 per hour for all hours worked during the 2016 season.

35.     As a term of the employment, Defendants required that Plaintiff and, on information and belief, other workers employed under job order 14666155 travel to and from the worksites in vehicles owned and/or operated by Defendants' agents.

36.     Plaintiff and, on information and belief, other workers employed under job order 14666155 were directed to board the vehicles at a specific time and were under the direction and control of Defendants at all times from the point of pick up until the point of return after each day's work.

37.     Under this transportation arrangement, Plaintiff and, on information and belief, other workers employed under job order 14666155 were required to ride, wait in, or wait for Defendants' vehicles in excess of one and a half (1.5) hours per day for the duration of the 2016 season.

38.     Plaintiff and other workers employed under job order 14666155 were transported to the field each morning in transportation vehicles owned and/or operated by Defendants.

39.     After exiting Defendants' transportation, Plaintiff and, on information and belief, other workers employed under job order 14666155 were required to wait in the field prior to commencing the harvesting. During this time, Plaintiff and, on information and belief, other workers employed under job order 14666155 were assigned preparatory work including placing the water container by the lettuce machine and donning their gloves and aprons.

40.     On information and belief, Defendants did not keep records or compensate Plaintiff and other workers employed under job order 14666155 for all time spent doing preparatory work at Defendants' direction.

41.     During the 2016 season in Monterey County, Plaintiff resided in housing provided by Defendant ELKHORN PACKING in which full kitchen facilities were not available. Plaintiff resided at the Best Five Motel in Salinas from April to June 2016 and the Days Inn in Salinas from June to November 2016. The employer-provided housing was Plaintiff's only private space for the duration of his employment with Defendants in Monterey County for the 2016 season.

42.     During the 2016 season in Monterey County, Defendant ELKHORN PACKING retained copies of the keys to Plaintiff's hotel rooms. Defendant ELKHORN PACKING, through its agents, entered Plaintiff's hotel room without prior notice or permission on at least five (5) different occasions between April through November of 2016.

43.     During the 2016 season, Defendant ELKHORN PACKING provided only two (2) meals a day from Monday through Saturday to Plaintiff and, on information and belief, other workers employed under job order 14666155.

44.     During the 2016 season, Defendant ELKHORN PACKING did not provide meals to Plaintiff and, on information and belief, other workers employed under job order 14666155, on Sundays.

45.     During the 2016 season, Defendant ELKHORN PACKING provided meals to Plaintiff and on information and belief, other workers employed under job order 14666155 that were unsanitary, contaminated or otherwise spoiled such that Plaintiff and, on information and belief, other workers suffered from food poisoning or were forced to purchase their own food.

46.     On or around June 9, 2016, Plaintiff suffered from food poisoning after eating food provided by Defendant ELKHORN PACKING. Defendant ELKHORN PACKING refused to take Plaintiff to a medical facility. On or around June 11, 2016, Plaintiff returned to Mexico for medical assistance and incurred out of pocket medical and other related expenses.

47.     Plaintiff worked on a crew led by Defendant ELKHORN PACKING's crew leader Abelino (Last Name Unknown "LNU") and supervisor Miguel (LNU) and Defendant D'ARRIGO BROS.'s supervisor Samuel Placencia during the 2016 season.

48.     Defendant ELKHORN PACKING's general supervisor Crispin Bermudez and Defendant D'ARRIGO BROS.'s supervisor Samuel Placencia knew or should have known that the meals provided to Plaintiff and, on information and belief, other workers employed under job order 14666155 were

1  unsanitary, contaminated or otherwise spoiled because the workers complained to them about the

2  condition of the meals.

3      49.    Defendants failed to take action to prevent food poisoning of their workers during the

4  2016 season in Monterey.

5      50.    Defendants did not allow Plaintiff and, on information and belief, other workers employed

6  under job order 14666155 to take adequate and timely meal and 10-minute rest periods.

7      51.    Defendants only allowed Plaintiff and, on information and belief, his fellow workers

8  employed under job order 14666155 to take one (1) meal period after five (5) hours of work were

9  completed.

10     52.    Plaintiff and, on information and belief, his fellow workers employed under job order

11 14666155 regularly worked in excess of ten (10) hours a day but were not provided with a second meal

12 period nor a third 10-minute rest period.

13     53.    Defendants did not pay Plaintiff and, on information and belief, other workers employed

14 under job order 14666155 premium wages for the inadequate or denied meal and rest periods.

15     54.    Plaintiff and, on information and belief, other workers employed under job order

16 14666155 all regularly worked over ten (10) hours each day. On information and belief, Defendants did

17 not maintain accurate records of all hours worked by Plaintiff and other workers employed under job

18 order 14666155 and Defendants did not pay them premium pay for all of the overtime hours that they

19 worked.

20     55.    Defendants' actions in failing to compensate Plaintiff and other workers employed under

21 job order 14666155 for all compensable time, including overtime premium pay, failing to provide

22 premium pay due to inadequate meal and rest periods, failing to provide three meals a day, and failing to

23 reimburse visa costs lowered Defendants' labor costs and provided Defendants a significant competitive

24 advantage in violation of the Unfair Competition Law.

25     56.    Upon Plaintiff's separation from his employment with Defendants, Defendants failed to

26 pay him all owed wages, including all compensable regular wages, overtime premium pay and meal and

27 rest period premium pay in a prompt and timely manner in violation of the California Labor Code.

28

**2016 - 2017 Season in Arizona**

57.     Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 2406171, certified as Temporary Alien Labor Certification Number H-300-16266-120845, to the Arizona Department of Economic Security requesting 178 workers for the period of November 7, 2016 to April 1, 2017 to work in and around Yuma County, Arizona harvesting lettuce at locations owned and/or operated by D'ARRIGO BROS. A copy of this H-2A job order and certification is attached as "Exhibit B" to this Complaint.

58.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 2406171, certified as Temporary Alien Labor Certification Number H-300-16266-120845. Plaintiff worked for Defendants during the 2016 - 2017 lettuce harvesting season under the terms of this job order.

59.     Defendants failed to provide the work contract, job order 2406171, to Plaintiff and, on information and belief, other workers employed under job order 2406171 by the time they applied for the visa as required by federal regulations. 20 CFR 655.122(q).

60.     On or around November 1, 2016, ELKHORN PACKING's general supervisor Crispin Bermudez promised Plaintiff and, on information and belief, other workers employed under job order 2406171 that housing would be available for them in Yuma County, Arizona.

61.     Defendants, under H-2A job order 2406171, promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under that job order.

62.     The above-mentioned job order promised a wage of $11.20 per hour for work performed in Arizona during the 2016 – 2017 season.

63.     Plaintiff and, on information and belief, other workers employed under job order 2406171, were paid by piece rate ranging from $1.41 to $2.39 per carton or pack during the 2016 - 17 season.

64.     During the 2016 - 17 season in Yuma County, Defendant ELKHORN PACKING failed to provide housing to Plaintiff and, on information and belief, other workers employed under job order 2406171 as required under job order 2406171.

65.     During the 2016 - 17 season in Yuma County, Defendant ELKHORN PACKING failed to provide transportation to Plaintiff and, on information and belief, other workers employed under job order 2406171 as required under job order 2406171.

66.     During the 2016 - 17 season in Yuma County, Defendant ELKHORN PACKING failed to provide meals to Plaintiff and, on information and belief, other workers employed under job order 2406171 as required under job order 2406171.

67.     Plaintiff worked on a crew under the direction and control of Defendant ELKHORN PACKING's crew leader Andrey Lantilla Servantes and Defendant D'ARRIGO BROS.'s supervisor Gerardo Armenta during the 2016 - 2017 season.

68.     On information and belief, Plaintiff and, on information and belief, other workers employed under job order 2406171 were required to sign their names on an attendance sheet at the beginning of each work shift.  There was no time recorded on the attendance sheet when Plaintiff signed it.

69.     On information and belief, Plaintiff and, on information and belief, other workers employed under job order 2406171 were required to initial or sign an attendance sheet at the end of each work day.  There was no time recorded on the attendance sheet at the time Plaintiff signed or initialed it at the end of the work day.

70.     During the 2016 - 17 season in Yuma County, Defendant ELKHORN PACKING failed to pay Plaintiff and, on information and belief, other workers employed under job order 2406171, $11.20 per hour for all hours worked during that season.

71.     During the 2016 - 17 season in Yuma County, Defendant ELKHORN PACKING failed to pay Plaintiff and, on information and belief, other workers employed under job order 2406171, for time waiting and performing work pre- and post-harvesting.

72.     In December of 2016, while Plaintiff was working in Yuma, on at least five (5) occasions, Plaintiff and, on information and belief, other workers employed under job order 2406171 had to wait in the fields from approximately 6:30 am until 9:00 am to start harvesting the lettuce because the lettuce was covered with ice. On information and belief, Plaintiff and other workers employed under job order 2406171 were not compensated for this time.

73.     On information and belief, Defendants did not keep records or fully compensate Plaintiff and other workers employed under job order 2406171 for all time spent waiting in the fields at Defendants' direction before beginning to harvest for the day.

74.     Defendants' actions in failing to compensate Plaintiff and other workers employed under job order 2406171 for all hours worked, and failing to provide housing, transportation and meals, lowered Defendants' labor costs and provided Defendants a significant competitive advantage in violation of the Unfair Competition Law.

**2017 Season in California**

75.     Defendant ELKHORN PACKING, in a joint venture with Defendant D'ARRIGO BROS., submitted job order 15197570, certified as Temporary Alien Labor Certification Number H-300-17033-930726, to the California Employment Development Department requesting 270 workers for the period of March 20, 2017 to November 11, 2017 to work in and around Monterey County, California harvesting lettuce at locations owned and/or operated by D'ARRIGO BROS. A copy of this H-2A job order and certification is attached as "Exhibit C" to this Complaint.

76.     Defendants offered, and Plaintiff accepted, employment under the terms of H-2A job order 15197570, certified as Temporary Alien Labor Certification Number H-300-17033-930726. Plaintiff worked for Defendants during the 2017 lettuce harvesting season under the terms of this job order.

77.     Defendants promised to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of H-2A job order 15197570.

78.     The employment contract under the terms of H-2A job order 15197570 promised a wage of $12.57 per hour for work performed in California in 2017 under job order 15197570.

79.     Plaintiff and, on information and belief, other workers employed under job order 15197570, were paid by piece rate ranging from $1.41 to $2.39 per pack or bag during the 2017 season.

80.     Plaintiff worked on a crew under the direction and control of Defendant ELKHORN PACKING's crew leader Maricela Nuno and Defendant D'ARRIGO BROS.'s supervisor Janelle Gutierrez during the 2017 season.

81.     As a term and condition of employment, Defendants required Plaintiff and, on information and belief, other workers employed under job order 15197570 to travel to and from the worksites in vehicles owned and/or operated by Defendants.

82.     Plaintiff and, on information and belief, other workers employed under job order 15197570 were directed by Defendants to board the vehicles at a specific time and were under the direction and control of Defendants at all times from the point of pick up until the point of return after each day's work.

83.     Under this transportation arrangement, Plaintiff and, on information and belief, other workers employed under job order 15197570 were required to ride, wait in, or wait for Defendants' vehicles in excess of one and a half (1.5) hours per day for the duration of the 2017 season.

84.     Plaintiff and, on information and belief, other workers employed under job order 15197570 were transported to the field each morning in transportation owned and/or operated by Defendants.

85.     On information and belief, Defendants did not keep records or compensate Plaintiff and other workers employed under job order 15197570 for this compensable travel time.

86.     Plaintiff and, on information and belief, other workers employed under job order 15197570 were required to sign their names on an attendance sheet at the beginning of each work day. There was no time recorded on the attendance sheet at the time Plaintiff signed it.

87.     Similarly, Plaintiff and, on information and belief other workers employed under job order 15197570, were required to initial or sign an attendance sheet at the end of each work day.  There was no time recorded on the attendance sheet at the time Plaintiff signed or initialed the sheet at the end of the work day.

88.     After exiting Defendants' transportation at the start of their work day, Plaintiff and other workers employed under job order 15197570 were required to wait in the field prior to commencing harvesting. During this time, Plaintiff and, on information and belief, other workers employed under job order 1519757

89.     0 were assigned preparatory work including placing the water container by the lettuce machine and donning and doffing their gloves and aprons.

90.     Defendants did not compensate Plaintiff and, on information and belief, other workers employed under job order 15197570 for all time spent doing preparatory work at Defendants' direction, and, on information and belief, did not keep records of this compensable time.

91.     Defendants did not allow Plaintiff and, on information and belief, other workers employed under job order 15197570 to take adequate and timely meal and rest periods.

92.     Defendants only allowed Plaintiff and, on information and belief, his fellow workers employed under job order 15197570 to take a meal break after five (5) hours of work were completed.

93.     Plaintiff and, on information and belief, his fellow workers employed under job order 15197570 regularly worked in excess of ten (10) hours a day and were not provided with a second meal period nor a third 10-minute rest period.

94.     On information and belief, Defendants did not pay Plaintiff and his fellow workers employed under job order 15197570 premium wages for the late, inadequate or denied meal and rest periods.

95.     Plaintiff and, on information and belief, other workers employed under job order 15197570 all regularly worked over ten (10) hours each day. On information and belief, Defendants did not maintain accurate time records of all hours worked by Plaintiff and his fellow workers employed under job order 15197570.  Defendants did not pay Plaintiff and, on information and belief, other workers employed under job order 15197570 premium pay for all of the overtime hours that they worked.

96.     Upon Plaintiff's separation from his employment with Defendants, Defendants failed to pay him owed wages, including all compensable regular wages, overtime premium pay and meal and rest period premium pay, in a prompt and timely manner in violation of the California Labor Code.

97.     During the 2017 season in Monterey County, Plaintiff resided in housing provided by Defendant ELKHORN PACKING in which full kitchen facilities were not available. Plaintiff resided at the Motel Super 8 in King City from March to July of 2017. The employer-provided housing was Plaintiff's only private space for the duration of his employment with Defendants in Monterey County.

98.     During the 2017 season, Defendant ELKHORN PACKING provided two (2) meals a day from Monday through Saturday to Plaintiff and, on information and belief, other workers employed under job order 15197570.

99.     During the 2017 season, Defendant ELKHORN PACKING did not provide meals to Plaintiff and, on information and belief, other workers employed under job order 15197570 on Sundays.

100.     During the 2017 season, Defendant ELKHORN PACKING provided meals to Plaintiff and on information and belief, other workers employed under job order 15197570, that were unsanitary, contaminated or otherwise spoiled such that Plaintiff and, on information and belief, other workers suffered from food poisoning or were forced to purchase their own food.

101.     Defendant ELKHORN PACKING's general supervisor Crispin Bermudez and Defendant D'ARRIGO BROS.'s supervisor Janelle Gutierrez knew or should have known that the meals provided to workers under job order 15197570 were unsanitary, contaminated or otherwise spoiled because workers complained to them about the condition of the food.

102.     Defendants failed to take action to prevent food poisoning of their workers during the 2017 season in Monterey County.

103.     Defendants' actions in failing to compensate Plaintiff and, on information and belief, other workers employed under job order 15197570 for all compensable time, and in failing to provide premium pay for inadequate or denied meal and rest periods, and in failing to provide Plaintiff and other workers with three meals a day, lowered Defendants' labor costs and provided Defendants a significant competitive advantage in violation of the California Unfair Competition Law.

104.     During the 2017 season in Monterey, Defendant ELKHORN PACKING provided housing and retained copies of the keys to Plaintiff's hotel room. Defendant ELKHORN PACKING, through its agents, entered Plaintiff's hotel room without prior notice or permission on at least five (5) occasions between April and July 2017.

105.     On or around June of 2017, Lance (LNU), an agent of Defendant ELKHORN PACKING, entered Plaintiff's hotel room without prior notice or consent. During the intrusion, Lance yelled, physically intimidated Plaintiff by standing close to his face and threatened Plaintiff. Lance threatened Plaintiff with job suspension if Plaintiff complained about the unauthorized entry into Plaintiff's hotel room. Plaintiff was humiliated, intimidated, and highly offended by Defendant ELKHORN PACKING's intrusion.

**FIRST CAUSE OF ACTION**
**(BREACH OF CALIFORNIA CONTRACTS**
**AGAINST DEFENDANT ELKHORN PACKING)**

106.   Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

107.   Plaintiff brings this count against Defendant ELKHORN PACKING for breaching the parties' employment contract.

108.   For work performed in California, Plaintiff was promised the higher of the contractual wage rate of $11.89 (during 2016) and $12.57 (during 2017) per hour, the prevailing wage or piece rate, or the state or federal minimum wage.

109.   Plaintiff performed his contractual obligation by performing work for Defendants during the 2016 and 2017 seasons.

110.   Under the terms of job orders 14666155 and 15197570 (Exhibits A and C), Defendant ELKHORN PACKING deducted $11.86 for each work day during the 2016 season and $12.07 during the 2017 season from Plaintiff's paycheck and, on information and belief, the paychecks of other workers employed under these contracts  for employer-provided meals. Under these terms, Defendant ELKHORN PACKING promised to provide three (3) meals a day.

111.   Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to provide three (3) meals a day during the 2016 and 2017 seasons in Monterey County.

112.   Defendant ELKHORN PACKING breached the employment contract with Plaintiff by providing food that was not edible and had either reduced value or no value during the 2016 and 2017 seasons in Monterey County.

113.   Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable time under applicable state and federal laws.

114.   Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable hours worked at the contractually promised wage rates.

115.   On information and belief, Defendant ELKHORN PACKING failed to pay Plaintiff for all hours worked, in part, because Defendant ELKHORN PACKING failed to record the time in which

Plaintiff was required to wait, be transported in Defendants' buses, exercise, and/or was otherwise engaged in pre- or post-harvesting compensable work time at Defendants' direction.

116.    As a direct and proximate result of Defendant ELKHORN PACKING's breach of contract, Plaintiff suffered injury, including but not limited to unlawful deductions, economic loss and travel expenses, medical expenses and other related expenses.

117.    As a direct and foreseeable consequence of Defendant's breach of contract, Plaintiff consumed contaminated food that led to his food poisoning and other damages related thereto.

118.    Plaintiff is entitled to and requests restitution and damages arising out of Defendant's breach of contract in amounts to be determined at trial.

## SECOND CAUSE OF ACTION
### (BREACH OF ARIZONA CONTRACT AGAINST DEFENDANT ELKHORN PACKING)

119.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

120.    Plaintiff brings this count against Defendant ELKHORN PACKING for breaching the parties' employment contract.

121.    For work performed in Arizona during the 2016 – 2017 season, Plaintiff was promised the higher of the contractual wage rate of $11.20 per hour, the prevailing wage or piece rate, or the state or federal minimum wage.

122.    Under the terms of job order 2406171 (Exhibit B), Defendant ELKHORN PACKING promised to provide housing and transportation in Yuma County to Plaintiff.

123.    Plaintiff performed his contractual obligation by performing work for Defendants during the 2016 - 2017 season in Yuma County, Arizona.

124.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable time under applicable state and federal laws.

125.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to compensate Plaintiff for all compensable hours worked at the contractually promised wage rates.

126.    On information and belief, Defendant ELKHORN PACKING failed to pay Plaintiff for

all compensable time, in part, because Defendant ELKHORN PACKING failed to record the time in which Plaintiff was required to wait in fields and/or was otherwise engaged in pre- or post-harvesting compensable work time at Defendants' direction.

127.    Defendant ELKHORN PACKING breached the employment contract with Plaintiff by failing to provide housing and transportation during the 2016 - 17 season in Yuma County.

128.    As a direct and proximate result of Defendant's breach of contract, Plaintiff suffered injury, including but not limited to economic loss and housing and transportation costs.

129.    Plaintiff is entitled to and requests restitution and damages arising out of Defendant's breach of contract in amounts to be determined at trial.

**THIRD CAUSE OF ACTION**
**(FOR FAILURE TO PAY MINIMUM WAGES IN**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.12,**
**1194, 1197 AND I.W.C. WAGE ORDER 14**
**AGAINST ALL DEFENDANTS)**

130.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

131.    Plaintiff brings this count against all Defendants for their failure to pay him minimum wage for all compensable hours.

132.    During the 2016 and 2017 California seasons, Defendants failed to pay Plaintiff and, on information and belief, other workers employed under the above-referenced job orders, the minimum wage for each hour worked in violation of Labor Code §§ 1182.12, 1197,  California Industrial Welfare Commission Wage Order No. 14-2001 (hereinafter Wage Order 14) and  8 Cal. Code Regulations (C.C.R.) § 11140.

133.    Due to Defendants' policies and practices, including the practice of excluding compensable waiting, preparatory, exercise, and/or travel time from compensation, Plaintiff, and, on information and belief, other workers employed under the above-referenced job orders, did not receive the applicable minimum wage for each compensable hour of work.

134.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff, and, on information and belief, other workers employed under the above-referenced job orders, were deprived of minimum wages due in amounts to be determined at trial.

135.     Plaintiff is entitled to recover and requests the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

**FOURTH CAUSE OF ACTION**
**(LIQUIDATED DAMAGES FOR FAILURE**
**TO PAY MINIMUM WAGE IN VIOLATION**
**OF LABOR CODE §1194.2**
**AGAINST ALL DEFENDANTS)**

136.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

137.     Plaintiff brings this count for liquidated damages based on the failure to pay minimum wage for all hours worked against Defendants.

138.     As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to Lab. Code § 1194.2.  The exact amount of liquidated damages owed will be determined at trial.

139.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover and requests such amounts, plus interest thereon, attorneys' fees and costs under Lab. Code § 1194.

**FIFTH CAUSE OF ACTION**
**(FOR VIOLATION OF THE FAIR LABOR**
**STANDARDS ACT AGAINST ALL DEFENDANTS)**

140.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

141.     At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a)(1).

142.     At all times relevant, Plaintiff and, on information and belief, others were employed by each Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d), and were entitled to, but did not receive minimum wage for every hour worked.  Plaintiff and, on information and belief, other workers similarly situated were paid less than $7.25 per hour.

143.     Defendants have deprived Plaintiff and other similarly situated employees of

compensation for all hours worked by failing to record, or compensate Plaintiff and similarly situated employees for, time spent in Defendants' transportation to and from the fields.

144.    Defendants have deprived Plaintiff and other similarly situated employees of compensation for all hours worked by failing to record, or compensate Plaintiff and similarly situated employees for time  spent engaged in activities Defendants required them to perform after arriving in the fields, such as donning gloves and aprons, setting up water, and engaging in mandatory exercise routines at Defendants' direction.

145.    Defendants have deprived Plaintiff and other similarly situated employees of compensation for all hours worked by requiring them to wait in the fields while ice made it impossible to begin the harvest.

146.    The violations set forth in this count resulted in part from Defendants' failure to reimburse visa expenses which were incurred by Plaintiff and other similarly situated workers primarily for the benefit or convenience of Defendants, prior to the workers' first week of work. When these expenses are calculated as deductions from Plaintiffs' and other similarly situated workers' first week's pay, as required by law, they cause their earnings to be well below the minimum wage for that pay period.

147.    Defendants' violations of the FLSA as alleged in this Complaint have been done in a willful and bad faith manner.

148.    The employment and work records for Plaintiff and similarly situated persons are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve their employees' payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

149.    As a result of Defendants' willful violations of Plaintiffs' and other workers' rights under the FLSA, 29 U.S.C. § 206, Plaintiff on behalf of himself and other employees similarly situated seeks unpaid federally mandated minimum wages, an additional amount in liquidated damages,  and reasonable attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

///

///

**SIXTH CAUSE OF ACTION**
**(FOR FAILURE TO PAY OVERTIME**
**WAGES IN VIOLATION OF CALIFORNIA LABOR**
**CODE § 1194 and WAGE ORDER 14**
**AGAINST ALL DEFENDANTS)**

150.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

151.     Plaintiff asserts this count against Defendants for violation of California Labor Code §1194.

152.     Plaintiff seeks unpaid overtime premium wages against Defendants for all uncompensated overtime hours worked.

153.     During the 2016 and 2017 seasons, Defendants failed to pay Plaintiff and, on information and belief, other workers employed under the above-referenced job orders, overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours and all hours worked in each workweek in excess of sixty (60) hours as required by Labor Code § 1194 and Wage Order 14, 8 C.C.R. § 11140(3).

154.     Plaintiff and, on information and belief, other workers employed under the above-referenced job orders regularly worked in excess of ten (10) hours each day, including the compensable unpaid time spent waiting, preparing, exercising and/or travel time that was not recorded by Defendants. Plaintiff and, on information and belief, other workers employed under the above-referenced job orders did not receive premium pay for all overtime hours worked.

155.     As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and, on information and belief, other workers employed under the above-referenced job orders, have been deprived of overtime wages due and are entitled to recover those amounts.

156.     Plaintiff is entitled to and requests relief in the amount equal to unpaid overtime hours (at the premium rate) as well as pre- and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**(FOR FAILURE TO PROVIDE MEAL**
**PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE**
**§ 226.7 AND WAGE ORDER NO. 14**
**AGAINST ALL DEFENDANTS)**

157.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

158.     Plaintiff brings this count against Defendants for failure to provide meal periods during the 2016 and 2017 seasons in violation of Labor Code § 226.7, Wage Order 14 and 8 C.C.R. § 11140(11).

159.     During his California-based employment with Defendants, Plaintiff and, on information and belief, other workers employed under the above-referenced job orders regularly worked in excess of five (5) hours a workday without being provided a meal period until after the start of the sixth hour of work.

160.     Plaintiff and, on information and belief, other workers employed under the above-referenced job orders regularly worked in excess of ten (10) hours a workday without being provided a second meal period.

161.     The provision of late, inadequate or insufficient meal periods for employees working five and/or ten or more hours in a workday violates Labor Code § 226.7 as well as Wage Order 14 and 8 C.C.R. § 11140(11).

162.     Because Defendants failed to provide timely or sufficient meal periods, Defendants are liable to Plaintiff and, on information and belief, other workers employed under the above-referenced job orders, for one hour of additional pay at the regular rate of compensation - here Plaintiff's and other workers' contractually promised hourly wage or their average hourly piece rate earnings for the pay period, whichever is higher, for each workday that the meal periods were not provided, pursuant to Labor Code § 226.7.   Plaintiff, and on information and belief other workers employed under the above-referenced job orders, were not paid these premium pay wages.

163.     Plaintiff is entitled to and requests relief in an amount equal to one hour of pay for each untimely or insufficient meal period.

**EIGHTH CAUSE OF ACTION**
**(FOR FAILURE TO PROVIDE REST**
**PERIODS IN VIOLATION OF LABOR CODE**
**§ 226.7 AND WAGE ORDER NO. 14**
**AGAINST ALL DEFENDANTS)**

164.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

165.     Plaintiff brings this count against Defendants for failure to provide adequate rest periods during the 2016 and 2017 seasons in violation of Labor Code § 226.7 and Wage Order 14, 8 C.C.R. § 11140(11).

166.     During his California-based employment with Defendants, Plaintiff and other workers employed under the above-referenced job orders regularly worked in excess of ten (10) hours without being provided a third 10-minute rest period.

167.     The failure to provide a 10-minute rest period for every four hours of work in a day violates Labor Code § 226.7 as well as Wage Order 14 and 8 C.C.R. § 11140(11).

168.     Because Defendants failed to provide sufficient rest periods, Defendants are liable to Plaintiff and, on information and belief, other  workers employed under the above-referenced job orders for one hour of additional pay at the regular rate of compensation - here Plaintiff's and other H-2A workers' contractually promised hourly wage or the average hourly piece rate earnings for the pay period, whichever is higher, for each workday that the rest periods were not provided, pursuant to Labor Code § 226.7. Plaintiff, and on information and belief, other workers employed under the above-referenced job orders were not paid these premium pay wages.

169.     Plaintiff is entitled to and requests relief in an amount equal to one hour of pay for each work day he was not provided a rest period for every four hours of work.

### NINTH CAUSE OF ACTION
### (FOR FAILURE TO FURNISH
### ACCURATE WAGE STATEMENTS IN
### VIOLATION OF LABOR CODE § 226
### AGAINST ALL DEFENDANTS)

170.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

171.     Plaintiff brings this count against Defendants for their failure to provide Plaintiff, and on information and belief, other workers employed under the above-referenced job orders accurate wage statements that correctly recorded the hours Plaintiff worked.

172.     Labor Code § 226(a) requires employers to provide itemized wage statements which accurately show the total hours worked by the employee.

173.     Labor Code § 226(e)(1) provides that if an employer knowingly and intentionally fails to

provide such an itemized statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

174.    Defendants knowingly and intentionally failed to furnish Plaintiff and, on information and belief, other   workers employed under the above-referenced job orders with accurate statements as required by Labor Code § 226(a) in that each wage statement failed to accurately report all hours worked and the applicable rates of pay. Plaintiff and, on information and belief, other workers employed under the above-referenced job orders have suffered injury as a result.  Accordingly, Defendants are liable to Plaintiff and, on information and belief, other workers employed under the above-referenced job orders for the amounts provided by Labor Code § 226(b).

175.    Plaintiff is entitled to and requests the applicable penalties in an amount to be determined at trial but not to exceed $4,000 and injunctive relief available pursuant to Cal. Labor Code § 226(h).

**TENTH CAUSE OF ACTION**
**(FOR WAITING TIME PENALTIES**
**PER LABOR CODE §§ 201-203**
**AGAINST ALL DEFENDANTS)**

176.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

177.    Plaintiff asserts this count against Defendants for their failure to pay Plaintiff all wages owing at separation from employment.

178.    Under California Labor Code §§ 201-203, an employer is required to promptly pay all compensation owing to an employee upon their separation from employment and the employer is liable for waiting time penalties in the form of a daily penalty up to a maximum of thirty (30) days.

179.    Defendants willfully failed to timely pay compensation and wages owing, including minimum wages, overtime wages and meal and rest period premium wages, to Plaintiff and, on information and belief, other workers employed under the above-referenced job orders who separated from their employment with Defendants. As a result, Defendants are liable to Plaintiff and, on information and belief, other workers employed under the above-referenced job orders for waiting time penalties, together with interest thereon and attorney's fees and costs, under Labor Code § 203.

180.     Plaintiff requests thirty (30) days' penalties at the higher of his average hourly piece rate earnings or the contractually mandated hourly wage under Labor Code § 203 for each season in California in which Defendants failed to pay all wages due and owing to him upon termination of his employment.

## ELEVENTH CAUSE OF ACTION
### UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES
### (CAL. BUS. & PROF. CODE §§ 17200-17208 AGAINST ALL DEFENDANTS)

181.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

182.     Plaintiff sues each Defendant as an individual on his own behalf pursuant to Business and Professions Code §§ 17200, *et seq*.

183.     Defendants' conduct as alleged in this complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and those similarly situated.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

184.     Plaintiff is a "person" within the meaning of Business and Professions Code § 17204 who has suffered injury in fact as a result of Defendants' unfair competition, and therefore has standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

185.     Business and Professions Code §§ 17200 *et seq.* prohibits unlawful, unfair, and fraudulent business practices. Through the conduct alleged in this complaint, Defendants have acted contrary to California public policy, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*, depriving Plaintiff of rights, benefits, and privileges guaranteed under law.

186.     Defendants have committed unfair and unlawful business practices within the meaning of Business and Professions Code §§ 17200 *et seq.* by engaging in conduct that includes, but is not limited to the following:

   a.   Failing to reimburse  workers employed under the above-referenced job orders for the cost(s) of obtaining the necessary visa to enter the United States;

   b.   Failing to provide three (3) meals a day as required under the job orders and federal regulations;

c. Failing to provide food that is wholesome and free from spoilage;

d. Failing to provide housing and transportation during the 2016 - 17 season in Yuma, AZ;

e. Failing to compensate employees for all their hours worked, in violation of Labor Code §§ 1182.12, 1194, 1197, and the applicable provisions of Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

f.  Failing to pay overtime premiums for work performed in excess of ten (10) hours per work day, or sixty (60) hours per work week, contrary to the applicable provisions of Labor Code § 1198 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

g. Failing to provide meal and rest periods as required by Labor Code § 226.7 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

h. Failing to pay premium compensation for missed meal and rest periods, as required by Labor Code § 226.7(c);

i. Failing to comply with the record keeping requirements of Labor Code § 1174(d) which requires employers to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees…";

j. Failing to provide accurate itemized wage statements as required by Labor Code § 226(a); and

k. Failing to pay workers all wages owed upon separation from employment in violation of Labor Code § 203.

187.    As a direct result of the unfair, unlawful, and anti-competitive conduct alleged in this complaint, Defendants have acted contrary to law and contrary to public policy and have thus engaged in unlawful and unfair business practices in violation of Business and Professions Code §§ 17200 *et seq.* Defendants have engaged in such conduct for their own economic self-interest, to increase their profits, and to the detriment of business competitors whose conduct complies with California law and public policy.

188.    Through their unfair business practices alleged herein, Defendants have received and

retained and continue to receive and retain funds that rightfully belong to Plaintiff and other workers and have produced further profits with those funds.  As a result, Defendants have been unjustly enriched and have achieved an unfair competitive advantage over their legitimate business competitors at the expense of their employees and the public at large.

189.    Plaintiff is entitled to, and does seek all relief as may be necessary to restore to Plaintiff all money and property which Defendants have acquired, or of which Plaintiff has been deprived, by means of the Defendants' unfair and unlawful business practices, and to restore to Plaintiff the ill-gotten gains obtained by Defendants through those practices.

190.    Plaintiff is informed and believes and thereon alleges that during his employment with Defendants, Defendants' conduct injured his interests resulting in economic loss to him.

191.    Injunctive relief pursuant to Business and Professions Code § 17203 is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint. Defendants, and each of them, and/or persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief.  The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiff and others similarly situated unless Defendants are immediately restrained from committing further illegal acts.

192.    Business and Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks restitution of all unpaid wages owing to himself, according to proof, as well as the declaratory and injunctive relief described herein.

193.    Plaintiff requests that the Court issue an Order requiring Defendants to pay lawful wages to prevent this anti-competitive behavior in the future, and that they pay restitution.

**TWELFTH CAUSE OF ACTION**
**(PRIVATE ATTORNEYS GENERAL ACT**
**CAL. LABOR CODE § 2699 *et. Seq***
**AGAINST ALL DEFENDANTS)**

194.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

195.     Plaintiff brings this claim on behalf of himself and all aggrieved employees as well as the general public of the State of California against Defendants.

196.     Pursuant to Cal. Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3. These civil penalties are in addition to any other relief available under the Labor Code.

197.     Plaintiff alleges that the Defendants violated the following provisions of the California Labor Code and IWC Wage Orders that are actionable through the California Labor Code and PAGA: Cal. Labor Code §§ 201, 202, 203, 205, 218, 226, 226.7, 558, 1174, 1182.12, 1194, 1197, 1198 and IWC Wage Order 14-2001. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

198.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment. Plaintiff is, therefore, an aggrieved employee as defined by Labor Code § 2699(c). On information and belief, other current and former employees are also aggrieved employees because one or more of the alleged violations were committed against them during their time of employment with Defendants.

199.     Pursuant to Cal. Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

200.     Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Additionally, an aggrieved employee may recover civil penalties for each aggrieved employee as provided by Cal. Labor Code § 558, including but not limited to an amount sufficient to recover underpaid wages due each aggrieved employee.

201.     An aggrieved employee may also recover civil penalties for each aggrieved employee as provided by Cal. Labor Code § 1197.1, including but not limited to, an amount sufficient to recover underpaid wages and liquidated damages pursuant to Cal. Labor Code § 1194.2.

202.     Pursuant to Cal. Labor Code § 558 and § 1197.1, underpaid wages and liquidated damages must be paid to each affected employee.

203.     Plaintiff seeks the maximum civil penalties permitted by law for Defendants' violations of the California Labor Code and IWC Wage Order 14-2001, including penalties under Labor Code §§ 203, 210, 226.3, 256, 558, 1174.5, 1197.1, 2699(f), and 2810(g). On December 13, 2017 Plaintiff provided written notice via the LWDA's online filing system and via certified mail to Defendants regarding the specific provisions of the Labor Code alleged to have been violated by the Defendants, including the facts and theories to support the alleged violations.

204.     As of date of filing of this action, more than 65 days after notice to the LWDA and the Defendants, the LWDA has not provided written notice that it intends to investigate Plaintiff's allegations.  Accordingly, Plaintiff has satisfied the administrative prerequisites of Labor Code § 2699.3 to bring an action to recover penalties against the Defendants.

205.     Wherefore, Plaintiff, and the other current and former employees, have been harmed as set forth above and request relief as hereafter provided, including attorney's fees pursuant to Cal. Labor Code § 2699.

## THIRTEENTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST
### ALL DEFENDANTS)

206.     Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

207.     Plaintiff brings this count against all Defendants for negligence.

208.    Defendant ELKHORN PACKING owed a duty of care to Plaintiff arising from the H-2A job orders attached as Exhibits A and C.  Defendant D'ARRIGO BROS. owed a duty of care to Plaintiff because Plaintiff was working on fields owned and operated by D'ARRIGO BROS., the meals provided by Defendant ELKHORN PACKING were provided to Plaintiff and other workers employed under the above-referenced job orders while they were employed on those fields under the supervision of D'ARRIGO BROS. agents and D'ARRIGO BROS. agents were placed on notice of the inadequate and dangerous quality of the food.

209.    Defendant ELKHORN PACKING was required to provide three (3) meals a day to workers residing in employer-provided housing in which full kitchen facilities were not available for workers to prepare their own meals. 20 CFR 655.122(g).

210.    Defendant ELKHORN PACKING, as Plaintiff's employer, owed him a duty to exercise due care in the management and provision of meals. Such duty requires Defendant ELKHORN PACKING to comply with all laws regarding the handling and provision of food. Defendant D'ARRIGO BROS, as Plaintiff's joint employer who supervised his work in D'ARRIGO BROS' fields and was put on notice that the food provided by ELKHORN PACKING was making workers sick, also had a duty of care to Plaintiff and other workers regarding the food served on its premises to those working for its benefit.

211.    Defendant ELKHORN PACKING, as alleged, has failed to exercise due care in the management of the food provision to its workers and acted negligently in each such act or omission. Defendant D'ARRIGO BROS. breached the duty of care it owed to Plaintiff as a worker employed on its premises in failing to take action to mitigate a known health hazard and acted negligently in each such act or omission.

212.    Defendants acted negligently during the 2016 and 2017 lettuce seasons by providing food that was spoiled and contaminated and continuing to provide this contaminated food after workers complained about its quality.

213.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff suffered physical injury, economic loss, and emotional distress.

214.    Plaintiff is entitled to and requests compensatory damages and emotional distress damages

in an amount to be determined at trial.

**FOURTEENTH CAUSE OF ACTION**
**(TORTIOUS INTRUSION UPON SECLUSION**
**AGAINST DEFENDANT ELKHORN PACKING)**

215.    Plaintiff re-alleges and incorporates by reference each preceding paragraph of the complaint as fully set forth herein and further alleges that:

216.    Plaintiff brings this count against Defendant ELKHORN PACKING for its tortious intrusion upon seclusion.

217.    Plaintiff had a reasonable expectation of privacy within the confines of the employer-provided housing Defendant ELKHORN PACKING furnished him. Plaintiff's personal property was kept within his room and his personal conversations with family and close friends and all his personal time was spent in this room.

218.    Defendant ELKHORN PACKING intentionally intruded into Plaintiff's hotel room as detailed in paragraphs 41, 42, 104 and 105 of the instant Complaint.

219.    The intrusion of Defendant ELKHORN PACKING was highly offensive to Plaintiff. Plaintiff believes and alleges that Defendant ELKHORN PACKING's actions are highly offensive to any reasonable person.

220.    The above-described actions demonstrate that the motives of and goals of Defendant ELKHORN PACKING during the intrusion went beyond the employer's need to inspect the premises and amounted to an intentional intrusion intended to send the message to Plaintiff that he retained no right to privacy.

221.    As a direct and proximate result of Defendant ELKHORN PACKING's acts or omissions, Plaintiff suffered mental anguish.

222.    Plaintiff is entitled to and requests emotional distress and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.    That the Court find that Defendant ELKHORN PACKING breached the employment contracts with Plaintiff and that Plaintiff be awarded damages and restitution;

B.    That the Court find that Defendant ELKHORN PACKING  has violated the terms of the

employment contracts between Defendant and Plaintiff by failing to pay the promised wage rate for all hours worked under said agreements and award Plaintiff restitution in the amount of the wages owed therein;

C.      That the Court find that Defendants have violated the minimum wage provisions of Labor Code §§ 1182.11-1182.12, 1194, 1197 and Wage Order 14 and award an amount equal to unpaid minimum wages due, plus liquidated damages;

D.      Allow this action to proceed as a representative action pursuant to 29 U.S.C. § 216(b), for all workers who were similarly situated to Plaintiff and who were not paid minimum wages in violation of the FLSA from three years preceding the filing of this complaint through the present;

E.      An award to Plaintiffs and other employees of the unpaid balance of the full amount of the federal minimum wages, interest thereon, and costs of suit and liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon, and an amount for violations of their state labor law rights, in an amount to be proven at trial;

F.      An entry of declaratory judgment that Defendants violated the Plaintiffs' rights under the FLSA;

G.      That the Court find that Defendants have violated overtime wage provisions of the California Labor Code including § 1198 and Wage Order 14, and award an amount equal to unpaid overtime wages due;

H.      That the Court find that Defendants have violated Labor Code §§ 226.7 and Wage Order 14, 8 C.C.R. § 11140, by failing to provide Plaintiff with timely and sufficient meal and rest periods, and award an amount equal to one hour of pay for each meal and rest period that was not provided to Plaintiff;

I.      That the Court find that Defendants have violated Labor Code § 226(a) by knowingly and intentionally failing to provide Plaintiff with accurate itemized wage statements and award penalties due pursuant to Labor Code § 226(b);

J.      That the Court find that Defendants have violated Labor Code §§ 201 and/or 202 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and award waiting time penalties due pursuant to Labor Code § 203;

K.      That the Court find that Defendants have violated Cal. Business and Professions Code §

17200 by failing to pay Plaintiff minimum and overtime wages and waiting time penalties, by failing to afford Plaintiff timely and sufficient meal and rest periods and by failing to furnish Plaintiff with statements accurately showing total hours worked and failing to maintain accurate payroll records;

L.      That Defendants be ordered and enjoined to cease their unlawful and/or unfair activities as alleged herein and pay restitution to Plaintiff due to Defendants' unlawful and/or unfair activities, pursuant to Cal. Business and Professions Code §§ 17200-08;

M.      That the Court find that Defendants have violated the PAGA and award the civil penalties requested above on behalf of Plaintiff as well as other aggrieved employees as follows:

    i.   For all provisions of the Cal. Labor Code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    ii.   For all provisions of the Cal. Labor Code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as provided by statute;

    iii.   For violations of the provisions of the Wage Orders regarding working hours, civil penalties for each aggrieved employee as provided by Cal. Labor Code § 558, including but not limited to an amount sufficient to recover underpaid wages due each aggrieved employee;

    iv.   For violations of the provisions of the Wage Orders regarding minimum wages, civil penalties for each aggrieved employee as provided by Cal. Labor Code § 1197.1, including but not limited to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Cal. Labor Code § 1194.2, waiting time penalties pursuant to Labor Code § 203; and

    v.   For an entry of judgment against Defendants pursuant to Cal. Labor Code § 2699, directing that the amount of underpaid wages awarded and recovered as penalties pursuant to Cal. Labor Code § 558 and underpaid wages and liquidated damages

awarded under § 1197.1 be paid to each affected employee in accordance with Labor Code §§ 558(3) and 1197.1, and the penalties otherwise awarded be distributed as follows: 75% to the LWDA and 25% to the aggrieved Plaintiff and employees.

N.     That the Court find that Defendant ELKHORN PACKING intentionally intruded into Plaintiff's privacy causing him emotional distress and that Plaintiff is entitled to emotional distress relief and punitive damages;

O.     That the Court find that Defendants violated their duty of care to Plaintiff regarding the quality and amount of food provided, and that Plaintiff is entitled to damages and emotional distress relief;

P.     For an award of pre-judgment interest as authorized under the law;

Q.     For an award of post-judgment interest as authorized under the law;

R.     That Plaintiff be awarded reasonable attorney's fees and costs pursuant to Labor Code §§ 203, 226, 1194, 2699, 29 U.S.C. § 216(b) and/or other applicable law; and,

S.     That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Date:  September 28, 2018              CALIFORNIA RURAL LEGAL ASSISTANCE, INC.


_____/s/_____
Ana Vicente de Castro
*Attorney for Plaintiff*