1  Regina Silva, Esq. (Bar No. 173573)
2  Orlando Arellano, Esq. (Bar No. 234073)
   TYSON & MENDES LLP
3  1055 West 7th Street, Suite 2500
   Los Angeles, CA  90017
4  Telephone: (213) 745-8600
   Fax: (213) 745/8604
5  Attorneys for Defendant ELKHORN PACKING CO. LLC

6  Geoffrey F. Gega, Esq.  (Bar No. 91980)
7  Law Offices of Geoffrey F. Gega
   1851 East First Street, Suite 900
8  Santa Ana, CA 92705-4044
   Telephone: 714-542-1883
9  Attorney for Defendant D'ARRIGO BROS. CO., OF CALIFORNIA

10

                 UNITED STATES DISTRICT COURT
11          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
12

13

14  DARIO MARTINEZ-GONZALES,          )  Case No.  3:18-cv-05226-EMC
    on behalf of himself and other     )  [Complaint Filed: July 27, 2018]
15  aggrieved employees,               )  Assigned for all purposes to:
                                       )  Hon. Judge Edward M. Chen
16                                     )
                                       )
17                Plaintiff,           )  **DEFENDANTS' ANSWER TO**
                                       )  **FIRST AMENDED COMPLAINT**
18         v.                          )
                                       )
19                                     )  Trial Date:    Not Set
    ELKHORN PACKING CO., LLC,          )
20  D'ARRIGO BROS. CO., OF             )
    CALIFORNIA, and DOES 1-20,         )
21  INCLUSIVE,                         )
                                       )
22                                     )
                                       )
23                Defendants.          )
                                       )
24  _____ )

25

26

27

28

3:18-cv-05226                    ANSWER

Defendant Elkhorn Packing Co., LLC ("Elkhorn Packing") and D'Arrigo Bros. Co., of California ("D'Arrigo Bros.") (collectively "Defendants") hereby answer the unverified First Amended Complaint ("Complaint") of Dario Martinez-Gonzalez, purporting to be on behalf of himself and all other similarly situated individuals and aggrieved employees, as follows: Defendants deny each and every allegation not specifically admitted to and respond to each paragraph in Plaintiff's First Amended Complaint as follows.

## NATURE OF THE CASE

1.     With respect to Paragraph 1, Defendants admit that Plaintiff was employed by Elkhorn Packing during various periods in 2016 and 2017, but deny that Plaintiff was employed by D'Arrigo Bros.  Defendants deny that they violated any federal or California laws.  Defendants further deny that they breached any duty of care or any employment contract with Plaintiff or the other workers referred to in Plaintiff's complaint and further deny that they violated Plaintiff's privacy.

## PARTIES

2.     With respect to Paragraph 2, Defendants admit that Plaintiff is an H-2A worker that was employed by Elkhorn Packing, but not employed by D'Arrigo Bros., to work in fields or crops owned and/or operated by D'Arrigo Bros. but deny the remaining allegations.

3.     With respect to Paragraph 3, Defendants admit the allegations.

4.     With respect to Paragraph 4, Defendants admit the allegations.

5.     With respect to Paragraph 5, Defendants admit the allegations.

6.     With respect to Paragraph 6, Defendants admit the allegations.

7.     With respect to Paragraph 7, Defendants admit the allegations.

8.     With respect to Paragraph 8, Defendants object to the allegation as a legal conclusion and deny the allegations.

9.     With respect to Paragraph 9, Defendants deny the allegations.

10.     With respect to Paragraph 10, Defendants deny the allegations.

11.     With respect to Paragraph 11, Defendants object to the allegation as a legal conclusion and deny the allegations.

12.     With respect to Paragraph 12, Defendants object to the allegation as a legal conclusion and deny the allegations.

13.     With respect to Paragraph 13, Defendants admit the allegations.

14.     With respect to Paragraph 14, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

## JURISDICTION AND VENUE

15.     With respect to Paragraph 15, Defendants admit the allegations.

16.     With respect to Paragraph 16, Defendants admit that venue is proper in this judicial district but deny the remaining allegations.

## FACTUAL ALLEGATIONS

17.     With respect to Paragraph 17, Defendants admit that Elkhorn Packing submitted job orders 14666155 and 15197570 in California and job order 2406171 in Arizona but deny the remaining allegations.

18.     With respect to Paragraph 18, Defendants deny the allegations.

19.     With respect to Paragraph 19, Defendants deny the allegations.

20.     With respect to Paragraph 20, Defendants admit the allegations.

21.     With respect to Paragraph 21, Defendants admit the allegations.

22.     With respect to Paragraph 22, Defendants deny the allegations.

23.     With respect to Paragraph 23, Defendants deny the allegations.

24.     With respect to Paragraph 24, Defendants deny the allegations.

25.     With respect to Paragraph 25, Defendants deny the allegations.

26.     With respect to Paragraph 26, Defendants deny the allegations.

27.     With respect to Paragraph 27, Defendants deny the allegations.

28.     With respect to Paragraph 28, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

29.    With respect to Paragraph 29, Defendants deny the allegations.

30.    With respect to Paragraph 30, Defendants deny the allegations.

31.    With respect to Paragraph 31, Defendants deny the allegations.

32.    With respect to Paragraph 32, Defendants admit the allegations.

33.    With respect to Paragraph 33, Defendants deny the allegations.

34.    With respect to Paragraph 34, Defendants deny the allegations.

35.    With respect to Paragraph 35, Defendants deny the allegations.

36.    With respect to Paragraph 36, Defendants deny the allegations.

37.    With respect to Paragraph 37, Defendants deny the allegations.

38.    With respect to Paragraph 38, Defendants admit that Elkhorn Packing transported certain employees who wished to be transported to the working area but deny the remaining allegations.

39.    With respect to Paragraph 39, Defendants deny the allegations.

40.    With respect to Paragraph 40, Defendants deny the allegations.

41.    With respect to Paragraph 41, Defendants admit that Elkhorn Packing provided Plaintiff with free housing but deny the remaining allegations.

42.    With respect to Paragraph 42, Defendants deny the allegations.

43.    With respect to Paragraph 43, Defendants deny the allegations.

44.    With respect to Paragraph 44, Defendants deny the allegations.

45.    With respect to Paragraph 45, Defendants deny the allegations.

46.    With respect to Paragraph 46, Defendants deny the allegations.

47.    With respect to Paragraph 47, Defendants deny the allegations.

48.    With respect to Paragraph 48, Defendants deny the allegations.

49.    With respect to Paragraph 49, Defendants deny the allegations.

50.    With respect to Paragraph 50, Defendants deny the allegations.

51.    With respect to Paragraph 51, Defendants deny the allegations.

52.    With respect to Paragraph 52, Defendants deny the allegations.

53.    With respect to Paragraph 53, Defendants deny the allegations.

54. With respect to Paragraph 54, Defendants deny the allegations.

55. With respect to Paragraph 55, Defendants deny the allegations.

56. With respect to Paragraph 56, Defendants deny the allegations.

57. With respect to Paragraph 57, Defendants deny the allegations.

58. With respect to Paragraph 58, Defendants admit that Plaintiff accepted employment with Elkhorn Packing but deny the remaining allegations.

59. With respect to Paragraph 59, Defendants deny the allegations.

60. With respect to Paragraph 60, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

61. With respect to Paragraph 61, Defendants deny the allegations.

62. With respect to Paragraph 62, Defendants object to the allegation as vague and ambiguous and deny the allegations.

63. With respect to Paragraph 63, Defendants deny the allegations.

64. With respect to Paragraph 64, Defendants deny the allegations.

65. With respect to Paragraph 65, Defendants deny the allegations.

66. With respect to Paragraph 66, Defendants deny the allegations.

67. With respect to Paragraph 67, Defendants deny the allegations.

68. With respect to Paragraph 68, Defendants deny the allegations.

69. With respect to Paragraph 69, Defendants deny the allegations.

70. With respect to Paragraph 70, Defendants deny the allegations.

71. With respect to Paragraph 71, Defendants deny the allegations.

72. With respect to Paragraph 72, Defendants deny the allegations.

73. With respect to Paragraph 73, Defendants deny the allegations.

74. With respect to Paragraph 74, Defendants deny the allegations.

75. With respect to Paragraph 75, Defendants deny the allegations.

76. With respect to Paragraph 76, Defendants admit that Plaintiff accepted employment with Elkhorn Packing but deny the remaining allegations.

77. With respect to Paragraph 77, Defendants deny the allegations.

78.   With respect to Paragraph 78, Defendants admit the allegations.

79.   With respect to Paragraph 79, Defendants deny the allegations.

80.   With respect to Paragraph 80, Defendants deny the allegations.

81.   With respect to Paragraph 81, Defendants deny the allegations.

82.   With respect to Paragraph 82, Defendants deny the allegations.

83.   With respect to Paragraph 83, Defendants deny the allegations.

84.   With respect to Paragraph 84, Defendants admit that Elkhorn Packing provided optional and free transportation to the job sites but deny the remaining allegations.

85.   With respect to Paragraph 85, Defendants deny the allegations.

86.   With respect to Paragraph 86, Defendants deny the allegations.

87.   With respect to Paragraph 87, Defendants deny the allegations.

88.   With respect to Paragraph 88, Defendants deny the allegations.

89.   With respect to Paragraph 89, Defendants deny the allegations.

90.   With respect to Paragraph 90, Defendants deny the allegations.

91.   With respect to Paragraph 91, Defendants deny the allegations.

92.   With respect to Paragraph 92, Defendants deny the allegations.

93.   With respect to Paragraph 93, Defendants deny the allegations.

94.   With respect to Paragraph 94, Defendants deny the allegations.

95.   With respect to Paragraph 95, Defendants deny the allegations.

96.   With respect to Paragraph 96, Defendants deny the allegations.

97.   With respect to Paragraph 97, Defendants admit that Elkhorn Packing provided Plaintiff with free housing but deny the remaining allegations.

98.   With respect to Paragraph 98,  Defendants deny the allegations.

99.   With respect to Paragraph 99, Defendants deny the allegations.

100.   With respect to Paragraph 100, Defendants deny the allegations.

101.   With respect to Paragraph 101, Defendants deny the allegations.

102.   With respect to Paragraph 102, Defendants deny the allegations.

103.   With respect to Paragraph 103, Defendants deny the allegations.

104.   With respect to Paragraph 104, Defendants deny the allegations.

105.   With respect to Paragraph 105, Defendants deny the allegations.

## FIRST CAUSE OF ACTION

## (BREACH OF CALIFORNIA CONTRACTS

## AGAINST DEFENDANT ELKHORN PACKING)

106.   With respect to Paragraph 106, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

107.   With respect to Paragraph 107, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

108.   With respect to Paragraph 108, Defendants deny the allegations.

109.   With respect to Paragraph 109, Defendants deny the allegations.

110.   With respect to Paragraph 110, Defendants deny the allegations.

111.   With respect to Paragraph 111, Defendants deny the allegations.

112.   With respect to Paragraph 112, Defendants deny the allegations.

113.   With respect to Paragraph 113, Defendants deny the allegations.

114.   With respect to Paragraph 114, Defendants deny the allegations.

115.   With respect to Paragraph 115, Defendants deny the allegations.

116.   With respect to Paragraph 116, Defendants deny the allegations.

117.   With respect to Paragraph 117, Defendants deny the allegations.

118.   With respect to Paragraph 118, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

## (BREACH OF ARIZONA CONTRACTS

## AGAINST DEFENDANT ELKHORN PACKING)

119.   With respect to Paragraph 119, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

120.   With respect to Paragraph 120, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

121.   With respect to Paragraph 121, Defendants deny the allegations.

122.   With respect to Paragraph 122, Defendants admit that Elkhorn agreed to provide work-related housing and make work-related transportation available pursuant to job order 2406171.

123.   With respect to Paragraph 123, Defendants deny the allegations.

124.   With respect to Paragraph 124, Defendants deny the allegations.

125.   With respect to Paragraph 125, Defendants deny the allegations.

126.   With respect to Paragraph 126, Defendants deny the allegations.

127.   With respect to Paragraph 127, Defendants deny the allegations.

128.   With respect to Paragraph 128, Defendants deny the allegations.

129.   With respect to Paragraph 129, Defendants deny the allegations.

### THIRD CAUSE OF ACTION

### (FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1197 AND I.W.C. WAGE ORDER 14 AGAINST ALL DEFENDANTS)

130.   With respect to Paragraph 130, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

131.   With respect to Paragraph 131, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

132.   With respect to Paragraph 132, Defendants deny the allegations.

133.   With respect to Paragraph 133, Defendants deny the allegations.

134.   With respect to Paragraph 134, Defendants deny the allegations.

135.   With respect to Paragraph 135, Defendants deny the allegations.

///

**FOURTH CAUSE OF ACTION**

**(LIQUIDATED DAMAGES FOR FAILURE**

**TO PAY MINIMUM WAGE IN VIOLATION**

**OF LABOR CODE § 1194.2**

**AGAINST ALL DEFENDANTS)**

136.   With respect to Paragraph 136, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

137.   With respect to Paragraph 137, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

138.   With respect to Paragraph 138, Defendants deny the allegations.

139.   With respect to Paragraph 139, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**

**(FOR VIOLATION OF THE FAIR LABOR**

**STANDARDS ACT AGAINST ALL DEFENDANTS)**

140.   With respect to Paragraph 140, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

141.   With respect to Paragraph 141, Defendants admit that Plaintiff was employed by Elkhorn Packing and that he was engaged in the production of goods for commerce.

142.   With respect to Paragraph 142, Defendants deny the allegations.

143.   With respect to Paragraph 143, Defendants deny the allegations.

144.   With respect to Paragraph 144, Defendants deny the allegations.

145.   With respect to Paragraph 145, Defendants deny the allegations.

146.   With respect to Paragraph 146, Defendants deny the allegations.

147.   With respect to Paragraph 147, Defendants deny the allegations.

148.   With respect to Paragraph 148, Defendants deny the allegations.

1    149.   With respect to Paragraph 149, Defendants deny the allegations.

2                              **SIXTH CAUSE OF ACTION**

3                          **(FOR FAILURE TO PAY OVERTIME**

4                          **WAGES IN VIOLATION OF LABOR**

5                          **CODE § 1194 and WAGE ORDER 14**

6                             **AGAINST ALL DEFENDANTS)**

7    150.   With respect to Paragraph 150, Defendants re-allege and incorporate

8    by reference each preceding paragraph of the answer as though fully set forth

9    herein and further allege that:

10    151.   With respect to Paragraph 151, Defendants do not have sufficient

11    information regarding why Plaintiff brings this count and deny the allegations.

12    152.   With respect to Paragraph 152, Defendants do not have sufficient

13    information regarding this allegation so they deny it on that basis.

14    153.   With respect to Paragraph 153, Defendants deny the allegations.

15    154.   With respect to Paragraph 154, Defendants deny the allegations.

16    155.   With respect to Paragraph 155, Defendants deny the allegations.

17    156.   With respect to Paragraph 156, Defendants deny the allegations.

18                           **SEVENTH CAUSE OF ACTION**

19                         **(FOR FAILURE TO PROVIDE MEAL**

20             **PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE**

21                          **§ 226.7 and WAGE ORDER NO. 14**

22                             **AGAINST ALL DEFENDANTS)**

23    157.   With respect to Paragraph 157, Defendants re-allege and incorporate

24    by reference each preceding paragraph of the answer as though fully set forth

25    herein and further allege that:

26    158.   With respect to Paragraph 158, Defendants do not have sufficient

27    information regarding why Plaintiff brings this count and deny the allegations.

28    159.   With respect to Paragraph 159, Defendants deny the allegations.

160.   With respect to Paragraph 160, Defendants deny the allegations.

161.   With respect to Paragraph 161, Defendants object to the allegation as a legal conclusion and deny it on that basis.

162.   With respect to Paragraph 162, Defendants deny the allegations.

163.   With respect to Paragraph 163, Defendants deny the allegations.

## EIGHTH CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE REST

### PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE

### § 226.7 and WAGE ORDER NO. 14

### AGAINST ALL DEFENDANTS)

164.   With respect to Paragraph 164, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

165.   With respect to Paragraph 165, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

166.   With respect to Paragraph 166, Defendants deny the allegations.

167.   With respect to Paragraph 167, Defendants object to the allegation as a legal conclusion and deny it on that basis.

168.   With respect to Paragraph 168, Defendants deny the allegations.

169.   With respect to Paragraph 169, Defendants deny the allegations.

## NINTH CAUSE OF ACTION

### (FOR FAILURE TO FURNISH

### ACCURATE WAGE STATEMENTS IN

### VIOLATION OF CALIFORNIA LABOR CODE § 226

### AGAINST ALL DEFENDANTS)

170.   With respect to Paragraph 170, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

171. With respect to Paragraph 171, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

172. With respect to Paragraph 172, Defendants object to the allegation as a legal conclusion and deny it on that basis.

173. With respect to Paragraph 173, Defendants object to the allegation as a legal conclusion and deny it on that basis.

174. With respect to Paragraph 174, Defendants deny the allegations.

175. With respect to Paragraph 175, Defendants deny the allegations.

**NINTH CAUSE OF ACTION**

**(FOR FAILURE TO FURNISH**

**ACCURATE WAGE STATEMENTS IN**

**VIOLATION OF CALIFORNIA LABOR CODE § 226**

**AGAINST ALL DEFENDANTS)**

176. With respect to Paragraph 176, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

177. With respect to Paragraph 177, Defendants do not have sufficient information regarding why Plaintiff asserts this count and deny the allegations.

178. With respect to Paragraph 178, Defendants object to the allegation as a legal conclusion and deny it on that basis.

179. With respect to Paragraph 179, Defendants deny the allegations.

180. With respect to Paragraph 180, With respect to Paragraph 177, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

///

///

///

**ELEVENTH CAUSE OF ACTION**

1               **UNLAWFUL AND/OR UNFAIR**

2               **BUSINESS PRACTICES**

3        **(CAL. BUS. & PROF. CODE §§ 17200-17208**

4           **AGAINST ALL DEFENDANTS)**

5      181.   With respect to Paragraph 181, Defendants re-allege and incorporate

6 by reference each preceding paragraph of the answer as though fully set forth

7 herein and further allege that:

8      182.   With respect to Paragraph 182, Defendants do not have sufficient

9 information regarding this allegation so they deny it on that basis.

10      183.   With respect to Paragraph 183, Defendants deny the allegations.

11      184.   With respect to Paragraph 184, Defendants deny the allegations.

12      185.   With respect to Paragraph 185, Defendants object to the allegation as

13 a legal conclusion and deny it on that basis.

14      186.   With respect to Paragraph 186, Defendants deny the allegations.

15      187.   With respect to Paragraph 187, Defendants deny the allegations.

16      188.   With respect to Paragraph 188, Defendants deny the allegations.

17      189.   With respect to Paragraph 189, Defendants deny the allegations.

18      190.   With respect to Paragraph 190, Defendants deny the allegations.

19      191.   With respect to Paragraph 191, Defendants deny the allegations.

20      192.   With respect to Paragraph 192, Defendants object to the allegation as

21 a legal conclusion and deny it on that basis.

22      193.   With respect to Paragraph 193, Defendants deny the allegations.

23              **TWELFTH CAUSE OF ACTION**

24         **(PRIVATE ATTORNEYS GENERAL ACT**

25          **CAL. LABOR CODE § 2699 et. Seq**

26           **AGAINST ALL DEFENDANTS)**

27      194.   With respect to Paragraph 194, Defendants re-allege and incorporate

28 by reference each preceding paragraph of the answer as though fully set forth

herein and further allege that:

195.   With respect to Paragraph 195, Defendants do not have sufficient information regarding why Plaintiff brings this claim and deny the allegations.

196.   With respect to Paragraph 196, Defendants object to the allegation as a legal conclusion and deny it on that basis..

197.   With respect to Paragraph 197, Defendants deny the allegations.

198.   With respect to Paragraph 198, Defendants admit that Plaintiff was employed by Elkhorn Packing but deny the remaining allegations.

199.   With respect to Paragraph 199, Defendants object to the allegation as a legal conclusion and deny it on that basis..

200.   With respect to Paragraph 200, Defendants object to the allegation as a legal conclusion and deny it on that basis..

201.   With respect to Paragraph 201, Defendants deny the allegations.

202.   With respect to Paragraph 202, Defendants deny the allegations.

203.   With respect to Paragraph 203, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

204.   With respect to Paragraph 204, Defendants do not have sufficient information regarding this allegation so they deny it on that basis.

205.   With respect to Paragraph 205, Defendants deny the allegations.

## THIRTEENTH CAUSE OF ACTION

## (NEGLIGENCE AGAINST

## ALL DEFENDANTS)

206.   With respect to Paragraph 206, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

207.   With respect to Paragraph 207, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

208.   With respect to Paragraph 208, Defendants deny the allegations.

209.   With respect to Paragraph 209, Defendants deny the allegations.

210.   With respect to Paragraph 210, Defendants deny the allegations.

211.   With respect to Paragraph 211, Defendants deny the allegations.

212.   With respect to Paragraph 212, Defendants deny the allegations.

213.   With respect to Paragraph 213, Defendants deny the allegations.

214.   With respect to Paragraph 214, Defendants deny the allegations.

## FOURTEENTH CAUSE OF ACTION

## (TORTIOUS INTRUSION UPON SECLUSION

## AGAINST ALL DEFENDANTS)

215.   With respect to Paragraph 215, Defendants re-allege and incorporate by reference each preceding paragraph of the answer as though fully set forth herein and further allege that:

216.   With respect to Paragraph 216, Defendants do not have sufficient information regarding why Plaintiff brings this count and deny the allegations.

217.   With respect to Paragraph 217, Defendants deny the allegations.

218.   With respect to Paragraph 218, Defendants deny the allegations.

219.   With respect to Paragraph 219, Defendants deny the allegations.

220.   With respect to Paragraph 220, Defendants deny the allegations.

221.   With respect to Paragraph 221, Defendants deny the allegations.

222.   With respect to Paragraph 222, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Without assuming any burden to prove that which falls on Plaintiff to prove, Defendants plead the following separate and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Cause of Action)

1.   Neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

2.      Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time it so acted. Accordingly, Plaintiff and the putative class members are barred from any recovery in this action.

## THIRD AFFIRMATIVE DEFENSE

### (De Minimis Damages)

3.      If in fact Defendants failed to pay Plaintiff or the putative class members for all time worked, the time is *de minimis* and therefore not compensable.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

4.      Plaintiff lacks standing to assert some or all of the claims alleged in their Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226)

5.      Plaintiff and the putative class members did not suffer an actual injury and therefore cannot recover damages or statutory penalties under Labor Code section 226.

## SIXTH AFFIRMATIVE DEFENSE

### (No Overtime Wages Owed)

6.      Plaintiff and the putative class members' claims for unpaid overtime wages are barred because Defendants timely paid all wages owed to them.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

7.      Plaintiff and the putative class members' claims for "waiting time penalties" under California Labor Code section 203 for untimely payment of

---

1  wages are barred because Defendants did not intentionally or willfully withhold
2  payment of wages.

3  ### EIGHTH AFFIRMATIVE DEFENSE

4  ### (Reimbursement)

5        8.    Plaintiff and the putative class members' claims for reimbursement of
6  business expenses are barred because Defendants lawfully compensated Plaintiff
7  and the putative class members' for all work-related expenses.

8  ### NINTH AFFIRMATIVE DEFENSE

9  ### (Unintentional Conduct)

10        9.    Plaintiff and the putative class members' claims for civil penalties
11  pursuant to California Labor Code section 226 are barred because, in the event that
12  Defendants failed to provide accurate itemized wage statements, which they deny,
13  Defendants did not knowingly or intentionally do so.

14  ### TENTH AFFIRMATIVE DEFENSE

15  ### (Inadequate Class Representative)

16        10.    Plaintiff and the putative class members' class action claims are
17  barred in whole or in part because Plaintiff is an inadequate class representative to
18  the claims asserted.

19  ### ELEVENTH AFFIRMATIVE DEFENSE

20  ### (Uncertifiable Putative Class)

21        11.    Plaintiffs and the putative class members' class action claims are
22  barred because Defendants have not engaged in actions of the kind alleged that are
23  generally applicable to the proposed class of Plaintiffs, and as such, this action is
24  not properly maintainable and/or does not qualify for certification under the
25  requirements for a class action.

26  ### TWELFTH AFFIRMATIVE DEFENSE

27  ### (No Common Questions of Law and Fact)

28        12.    Plaintiff and the putative class members' class action claims are

1 barred because questions of law and fact common to Plaintiff do not predominate
2 over the questions affecting individual members of the proposed class.  Therefore,
3 this action is not appropriate for certification as a class action.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Typicality)

6      13.    Plaintiff and the putative class members' class action claims are
7 barred because Plaintiff cannot establish that his claims are typical of those of the
8 class and therefore, this action is not appropriate for certification as a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Numerosity)

11      14.    Plaintiff and the putative class members' class action claims are
12 barred because Plaintiff cannot establish that members of the class are so numerous
13 that joinder is impracticable.  Therefore, this action is not appropriate for
14 certification as a class action.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

17      15.    The class allegations in Plaintiff's Complaint are improper as a matter
18 of law because there is no community of interest in the claims asserted by Plaintiff
19 and those of the purported putative class.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22      16.    Plaintiff and the putative class members' claims are barred, in whole
23 or in part, to the extent that Plaintiffs have failed to file this action within the
24 applicable statute of limitations, including but not limited to California Code of
25 Civil Procedure sections 338(a), 340, et seq., and Business and Professions Code
26 section 17200, et seq.

27
28

---

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3    17.    Plaintiff and the putative class members are barred from maintaining

4 the Complaint and each purported cause of action therein as a result of their

5 unclean hands with respect to the events upon which the Complaint and purported

6 causes of action allegedly are based.

7

## EIGHTEENTH AFFIRMATIVE DEFENSE

8

### (Estoppel)

9    18.    Plaintiff and the putative class members are estopped by their own

10 conduct from asserting any and all claims they may have had or have against

11 Defendants arising from the facts alleged in the Complaint.

12

## NINETEENTH AFFIRMATIVE DEFENSE

13

### (Waiver)

14    19.    Plaintiff and the putative class members have waived whatever rights

15 they may have had to assert the purported claims contained in the Complaint and

16 each purported cause of action thereof against Defendants.

17

## TWENTIETH AFFIRMATIVE DEFENSE

18

### (Avoidable Consequences)

19    20.    Plaintiff and the putative class members are precluded from asserting

20 their Complaint and each purported cause of action therein, because they failed to

21 exercise reasonable care to avoid the injuries they purportedly suffered in that,

22 among other things, Plaintiff unreasonably failed to utilize Defendant's internal

23 grievance procedures.

24

## TWENTY-FIRST AFFIRMATIVE DEFENSE

25

### (Laches)

26    21.    Plaintiff is barred by the doctrine of laches from pursuing their

27 Complaint and each purported cause of action therein by reason of her inexcusable

28 and unreasonable delay in filing the subject action.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Consent)

3  22. Plaintiff and the putative class members, at all relevant times, gave

4 their consent, express or implied, to the alleged acts, omissions, and conduct of

5 Defendants.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Plaintiffs' Acts)

8  23. Plaintiff and the putative class members' damages, if any, were

9 caused by Plaintiff's own intentional or negligent acts, thus barring or limiting

10 Plaintiff and the putative class members' right of recovery.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12

### (Penalties)

13  24. The Complaint fails to allege facts sufficient to establish a claim for

14 penalties.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16

### (No Willful Conduct)

17  25. Even if Defendants engaged in the conduct alleged by Plaintiff and

18 the putative class, which allegations Defendants deny, such actions or failure to act

19 were not willful.

20

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

21

### (Payment)

22  26. Plaintiff and the putative class members have been paid all sums

23 earned by each of them and that are due and owing to each of them by virtue of

24 their performance of work as alleged in the Complaint.

25

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

26

### (No Unfair Business Practices)

27  27. Plaintiff and the putative class members' cause of action for violation

28 of Business and Professions Code section 17200, et seq. is barred in that the

---

1 | alleged practices are not unfair, the public is not likely to be deceived by any

2 | alleged practices, Defendants gained no competitive advantage by such practices,

3 | and the benefits of the alleged practices outweigh any harm or other impact they

4 | cause.

5 | ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6 | ### (Speculative Damages)

7 | 28.    Plaintiff and the putative class members are precluded from

8 | recovering the damages alleged in the Complaint because those damages are too

9 | vague, uncertain and speculative to permit recovery.

10 | ## TWENTY-NINTH AFFIRMATIVE DEFENSE

11 | ### (Meal Periods Authorized and Permitted)

12 | 29.    Plaintiff and the putative class members' claims are barred because

13 | Defendants provided Plaintiff and the purported class members with a meal period

14 | during which they were relieved of all duty in accordance with applicable

15 | California law.

16 | ## THIRTIETH AFFIRMATIVE DEFENSE

17 | ### (Rest Breaks Authorized and Permitted)

18 | 30.    Plaintiff and the putative class members' claims are barred because

19 | Defendants made a good faith effort to authorize and permit rest breaks in

20 | accordance with applicable California law.

21 | ## THIRTY-FIRST AFFIRMATIVE DEFENSE

22 | ### (Uncertainty)

23 | 31.    The Complaint, and each purported cause of action alleged therein is

24 | vague, ambiguous, and uncertain.

25 | ## THIRTY-SECOND AFFIRMATIVE DEFENSE

26 | ### (Adequate Remedy at Law)

27 | 32.    The Complaint fails to state facts sufficient to support any granting of

28 | extraordinary or equitable relief, and otherwise had adequate remedies at law.

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

2

### (Unmanageable Class)

3          33.     Plaintiff's claims, and those of the putative class members, are barred

4     in whole or in part, because Plaintiff cannot establish a manageable class trial.

5

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

6

### (No Knowledge of Off-The-Clock Work)

7          34.     Defendants have no knowledge of, nor should they have knowledge of,

8     any alleged  off-the-clock work or unpaid overtime hours worked by Plaintiff or the

9     putative class, and did not authorize, require, request, suffer, or permit such activity.

10

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

11

### (No Liability for Hours That Are Not Working Time)

12          35.     The Complaint, and each purported cause of action alleged therein, is

13     barred to the extent the hours for which Plaintiff seeks compensation on behalf of

14     himself and the putative class does not constitute compensable working time under

15     California law.

16

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

17

### (Release and Satisfaction)

18          36.     The Complaint, and each purported cause of action alleged therein, is

19     barred, in whole or in part, because the obligations or liabilities alleged on the part

20     of Defendants have been satisfied, released and/or otherwise discharged.

21

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22

### (Res Judicata/Collateral)

23          37.     The Complaint is barred by the doctrines of res judicata and/or

24     collateral estoppel to the extent that Plaintiff, putative class members or other

25     putative beneficiaries of this action have asserted any similar claims to those alleged

26     in the present Complaint in a previous adjudication on the merits.

27     ///

28     ///

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Failure to Comply)

3      42.     To the extent Plaintiffs' claims, and the claims of any putative

4   member of the purported class defined in the Complaint, for wages and/or meal

5   and rest periods are found to be viable, their claims are barred because of their own

6   failure to comply with Labor Code sections 2854, 2856, 2857, 2858, and 2859.

7

## THIRTY-NINTH AFFIRMATIVE DEFENSE

8

### (Failure to State a Claim for Attorneys' Fees)

9      43.     Defendants allege that the Complaint fails to state a claim for

10   attorneys' fees under the Code of Civil Procedure, Labor Code, and/or the

11   California Supreme Court's decision in *Kirby v. Immoos Fire Protection, Inc*.

12   (2012) 53 Cal.4th 1244.

13

## FORTIETH AFFIRMATIVE DEFENSE

14

### (Defendant's Recovery of Attorney's Fees)

15      Defendants hereby request and are entitled to recover reasonable attorneys'

16   fees and costs to the extent applicable, as the prevailing party pursuant to <u>Labor</u>

17   <u>Code</u> section 218.5 upon judgment thereon in its favor, or upon any other

18   applicable statute.

19

## FORTY-FIRST AFFIRMATIVE DEFENSE

20

### (No Joint Employer Agreement or Joint Venture)

21      With respect to all relevant periods and causes of action in the Complaint,

22   Defendants were neither joint-employers nor joint venturers.

23                                 Respectfully submitted,

24   Dated:  December 2, 2019        TYSON & MENDES LLP

25

26   By: *Orlando Arellano*
                                     Regina Silva, Esq.
27                                   Orlando Arellano, Esq.
                                     Attorneys for Defendant ELKHORN PACKING
28                                   CO. LLC

Dated:  December 2, 2019          LAW OFFICES OF GEOFFREY F. GEGA

                                  By: ___/s/_____

                                     Geoffrey F. Gega
                                     Attorney for Defendant D'ARRIGO BROS.
                                     CO., OF CALIFORNIA

**ECF ATTESTATION**

In accordance with Civil Local Rule 5(i)(3), I, Orlando Arellano, attest that I have obtained concurrence in the filing of this document from the other signatory listed here.