UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO MARTINEZ-GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>ELKHORN PACKING CO., LLC, et al.,<br><br>Defendants. | Case No. 18-cv-05226-EMC<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Docket No. 74 |

## I. INTRODUCTION

Plaintiff Dario Martinez-Gonzalez worked for Defendants Elkhorn Packing Co. LLC and D'Arrigo Bros. Co. as an agricultural laborer during the 2016 and 2017 lettuce seasons. In this lawsuit he alleges that the companies failed to pay him appropriately, failed to provide adequate meal or rest breaks, and breached the duty of care they owed to Plaintiff by providing food that was unsafe to eat. *See* First Amended Complaint, Docket No. 13. He also asserts collective claims under the Private Attorneys General Act and the Fair Labor Standards Act. *Id.* at ¶¶ 140–49, 194–205.

In December 2018, Defendants moved to compel arbitration. *See* Docket No. 24. On October 15 and 16, 2019, a bench trial was held to determine the enforceability of the Arbitration Agreement. At the conclusion of that trial, the Court concluded that the Arbitration Agreement executed between Dario Martinez-Gonzalez and Elkhorn Packing was the product of economic duress and undue influence. As a result, the Court found that the Agreement was neither valid nor enforceable and denied Defendants' Motion to Compel Arbitration. *See* Docket No. 67. Defendants appealed. *See* Docket No. 68. They have filed a Motion to Stay Proceedings Pending

Appeal, *see* Docket No. 74 ("Mot.").

## II. DISCUSSION

A. Legal Standard

While "[s]ome jurisdictions hold that the trial court *must* stay proceedings while a denial of a motion to compel arbitration is appealed, . . . the Ninth Circuit has held that a district court has discretion to decide whether to grant a stay." *Bradberry v. T-Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076, at *1 (N.D. Cal. Aug. 2, 2007) (internal citations omitted) (emphasis added). In *Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990), the Ninth Circuit described the question whether to stay a case pending appeal of a denial of a motion to compel arbitration as "a proper subject for the exercise of discretion by the trial court."[1] 916 F.2d at 1412.

"Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest." *Merkin v. Vonage Am. Inc.*, No. 213CV08026CASMRWX, 2014 WL 12701041, at *1 (C.D. Cal. Mar. 26, 2014) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (discussing these same factors).

---

[1] *See also Wilson v. Huuuge, Inc.*, No. 3:18-CV-05276-RBL, 2019 WL 998319, at *2 n.1 (W.D. Wash. Mar. 1, 2019) (internal citations omitted) ("There is a circuit split regarding whether denials of motions to compel arbitration automatically warrant a stay if the losing party appeals. Five circuits ruled . . . that a stay is mandatory, while three circuits have held the opposite. The Eighth Circuit has yet to weigh in. The Seventh Circuit explained that 'whether the litigation may go forward in the district court is precisely what the court of appeals must decide.' The Supreme Court has also observed that '[a] district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.' However, the Ninth Circuit has held that a stay is not automatic.").

Defendants cite *Steiner v. Apple Computer, Inc.*, No. C–07–4486 SBA, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008), for the proposition that "almost every California district court to recently consider whether to stay a matter, pending appeal of an order denying a motion to compel arbitration has issued a stay." However, seven years after *Steiner*, this Court concluded that "it is no longer accurate to say that most courts grant stays in these circumstances. In fact, according to this Court's unofficial tally of decisions since *Steiner,* California district courts have denied stays pending appeal of an order denying a motion to compel arbitration twelve times, while California district courts have granted such motions eight times." *Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015).

2

With respect to the first factor, a party "need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d at 966. A stay may be issued if the moving party establishes that "serious legal questions are raised." *Id.* at 968. However, where a party relies on the existence of "serious legal questions" (as opposed to a *likelihood* of success on the merits), "the 'balance of equities' of the final three factors [must] strongly weigh in favor of granting a stay." *Eberle v. Smith*, No. 07-CV-0120 W WMC, 2008 WL 238450, at *2 (S.D. Cal. Jan. 29, 2008); *see also Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 3207812, at *2 (N.D. Cal. July 16, 2019) (citing *Leiva-Perez*, 640 F.3d at 970) ("Where the movant has made a lesser showing on the first factor – establishing serious legal questions rather than a strong likelihood of success on the merits – the movant must show that the balance of hardships tips sharply in its favor.").

For a legal question to be "serious," it must be a "question going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (citing *Walmer v. United States DOD*, 52 F.3d 851, 854 (10th Cir. 1995)) (internal brackets omitted). "In the Ninth Circuit, serious legal questions often concern constitutionality." *Id.* When it comes to cases dealing with enforcement of arbitration agreements, courts have also "found that a serious legal question was raised when the Supreme Court had granted certiorari . . . [and when] the appeal asked the Ninth Circuit to resolve a split in authority." *Id.* (internal citations omitted); *see also Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) (discussing cases that "raise[] genuine matters of first impression within the Ninth Circuit" as another example).

B.   Analysis

As this Court has discretion whether to stay this case pending appeal of its denial of a motion to compel arbitration, *Britton*, 916 F.2d at 1412, it turns to the four factors discussed in *Leiva-Perez*. The Court looks first to the moving party's likelihood of success on the merits. Here, Defendants do not argue that they are likely to succeed on the merits of their appeal, but

3

instead contend that their appeal raises "serious legal questions." Defendants' appeal does not do so.

The bench trial herein involved the straightforward application of well-settled law to the facts of this case, and the facts clearly established that the Arbitration Agreement was the product of economic duress and undue influence. To the extent Defendant asks the Ninth Circuit to review this Court's "[v]arious legal conclusions premised on factual findings," Defendants' Reply in Support of Motion to Stay ("Reply") at 7, Docket No. 79, such a request does not raise serious legal questions. Defendants also suggest that the contract formation defenses of economic duress and undue influence required the Court to engage in unconscionability analysis and that this raises serious legal questions, but Defendants conflate the distinct and separate doctrines of unconscionability and duress. Their attempt to so manufacture a "serious legal question" fails.

Even if Defendants' appeal did raise serious legal questions, the balance of hardships does not tilt sharply in favor of Defendants. *Leiva-Perez*, 640 F.3d at 970. This is so particularly since this Court is issuing a partial stay, at least initially, for a limited period. At this time, the stay does not permit trial, dispositive motions, the certification of a class, or adjudication of this case on the merits. The Court, for now, issues a partial stay which permits focused discovery designed to allow Plaintiffs to secure and preserve the evidence needed to pursue Plaintiffs' Private Attorney General Act ("PAGA") and Fair Labor Standards Act ("FLSA") claims otherwise at risk due to delay. The Court contemplates that such discovery might include the production of a list of individuals that might be covered by the PAGA and FLSA claims, contact information for those individuals, time and pay records related to those claims, and depositions of witnesses whose testimony might be lost with the passage of time.

As the Court stays the filing of class certification and dispositive motions and trial, Defendants' "right" to arbitration will not, at this juncture, be jeopardized. Given the permitted discovery focuses on preservation of evidence that could be lost if adjudication (by arbitration or court) is delayed, and much of the permitted discovery would likely be obtained in either

arbitration or court given the unwaivable PAGA claim[2], Defendants will not be unreasonably prejudiced or burdened by the partial stay.

Conversely, Plaintiff contends that a full stay might inflict irreparable harm stemming from the fact that "members of the collective will become harder to locate as time passes, preventing Plaintiff from issuing effective notice" to potential members of the class, and that "many supervisors and foreman with knowledge of Defendants' employment practices may be long gone as well." Opp. at PDF Pages 11–12. As Plaintiffs note, "given the transient nature of the migrant farmworker population, Defendant's records of contact information for people who worked for them in 2016 and 2017 will already be highly unreliable, and that level of unreliability will only grow with the further passage of time." Opp. at PDF Page 5. Potential class members are people who move between the United States and other countries each year, live in multiple locations throughout each calendar year, and may change phone numbers and addresses frequently. *See Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) ("Courts that have addressed this issue are generally concerned with undue loss or destruction of evidence stemming from a delay.").

Lastly, the public interest does not tilt strongly in Defendants' favor. There are competing interests. While there is an interest under the Federal Arbitration Act in enforcing valid arbitration agreements, "the existence of a federal policy favoring arbitration does not, by itself, require a stay." *Jimenez v. Menzies Aviation Inc*, No. 15-CV-02392-WHO, 2015 WL 5591722, at *4 (N.D. Cal. Sept. 23, 2015). The Court "must consider other public policies at issue, such as California's interest in enforcing its wage and hour laws." *Id.* at *4.

///

///

///

---

[2] *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 436 (9th Cir. 2015) ("[T]he *Iskanian* rule prohibiting waiver of representative PAGA claims does not diminish parties' freedom to select informal arbitration procedures."); *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 383, 327 P.3d 129, 148 (2014) ("an employee's right to bring a PAGA action is unwaivable").

5

As noted in the minute order, the parties are directed to meet and confer to establish a discovery plan for the next six months that focuses on preserving the relevant documents and testimony in this case. The Court also orders that the statute of limitations on the putative class member's FLSA claim be equitably tolled until further order of this Court.

This order disposes of Docket No. 74.

**IT IS SO ORDERED**.

Dated: February 13, 2020

_____
EDWARD M. CHEN
United States District Judge